## HILLER v. LANDIS.

1. **Attorney**: AGREEMENT OF: PRACTICE. The record of an agreement between attorneys respecting a matter in litigation, based upon testimony or affidavits offered after the agreement is disputed, constitutes no stronger evidence than the testimony or affidavits themselves, and is not conclusive upon the objecting party. BECK, J., *dissenting*.

2. ———: RULE APPLIED. An attorney moved that the record be amended by adding to it the statement that, by agreement of counsel, the case was to be heard by the court and a decree rendered in vacation, as of the term at which it was submitted; the motion was supported by affidavits and opposed with counter affidavits denying the existence of the agreement; the court sustaining the motion, it was *held* that such a record was not sufficient to establish the fact of the agreement. BECK, J., *dissenting*.

*Appeal from Hardin District Court.*

WEDNESDAY, OCTOBER 4.

ACTION in equity. At the April term, 1874, the case was submitted to be heard in vacation on written evidence, and by arguments of counsel in writing. In August, 1874, in vacation, the judge filed his decision dismissing plaintiff's petition, and rendering a decree upon defendant's cross-petition. A decree was drawn up by defendant's counsel and entered of record *as of the April term*, 1874.

At the April term, 1875, the plaintiff made a motion to strike the decree from the record, setting up, among other things, as ground for the motion, that he had no knowledge of the decree until the time for taking an appeal had expired. About the same time the defendant filed a motion to corrrect the record of the agreement of April term, 1874, by making the following additions to it, to-wit: "And that by agreement of counsel for plaintiff and defendant this case shall be heard by the court in vacation, the decree to be rendered in vacation as of this term of court, and entered upon the record of the court in vacation as of this term." The motion was supported by affidavits to the effect that such was the agreement. The plaintiff's counsel, E. W. Eastman, filed an affidavit, to the

effect that he had been the only attorney for the plaintiff and that he did not make such agreement.

Between the April term, 1874, when it is alleged that the agreement was made, and the April term, 1875, when the motion was made to add to the record the official term of the judge presiding at the April term, 1874, expired, and he was succeeded by another person. The motion, therefore, to add to the record, was heard and determined solely upon the affidavits. The court overruled the plaintiff's motion to strike the decree from the record, and sustained the defendant's motion to add to the record. From the said rulings the plaintiff appeals.

*E. W. Eastman*, for appellant.

*Huff & Reed* and *T. Brown*, for appellee.

ADAMS, J.—Section 213 of the Code provides that "an attorney and counselor has power to bind his client to any agreement in respect to any proceeding within the scope of proper duties and powers, but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court."

In this case, there was an entry made upon the records, but not until a year. after the making of the alleged agreement, *and not until a dispute had arisen as to whether such agreement was in fact made.* The question

1. ATTORNEY: agreement of: practice.

arises, whether an entry so made was sufficient to establish the alleged agreement.

In consideration of the great importance of attorneys' agreements governing matters of litigation, and the uncertainty of human memory after strife is moved, the legislature saw fit to provide that attorneys' agreements should not be shown by testimony or affidavits. It is claimed, however, in substance, that. while testimony, or affidavits, are not sufficient to justify a court in finding that a disputed agreement was made, they may be sufficient to justify the court in making a record of the agreement, and that the record so made will be sufficient

to establish the agreement. But, to our mind, a record of an alleged agreement, made after the agreement is disputed, and wholly upon the strength of testimony or affidavits, does not constitute any stronger evidence than the testimony or affidavits themselves. The reason why a record properly made constitutes better evidence than testimony or affidavits is that, in theory at least, the record is a contemporaneous reduction of the agreement to writing, and is read over in the hearing of, and assented to by, counsel.

Again: Attorneys in full practice do not always find it possible to remember the terms of all the agreements made by them, relative to the conduct of their cases. The law, in its tenderness, does not require them to remember them. It provides that, if they do not remember them, they may rely upon such agreements as are signed and filed, or such as are entered of record by the court. Indeed, without such provision, it is plain to see, the rights of suitors would oftentimes be placed in great jeopardy. Nor is any hardship imposed by precluding a party from establishing an attorney's agreement by a record made after the agreement is disputed, and upon the strength of testimony or affidavits. Whoever intends to rely upon a record to establish an attorney's agreement, should see to it that it is made in such a way as to have the proper force and effect of a record for that purpose.

As the District Court had no power to enter a decree in vacation as of a previous term, except by agreement of parties, and as no such agreement is properly established, it follows that the plaintiff's motion should have been sustained and the defendant's overruled.

REVERSED.

BECK, J., *dissenting.*—Entertaining the conviction that the conclusion announced in the foregoing opinion is not in accord with the law, I am constrained to express my dissent thereto.

In my opinion, the objections to the judgment of the court below, esteemed by the majority of this court sufficient ground for the reversal of the case, may be readily answered.

The affidavits, in addition to the agreement of the attorney,

fully show that it was made in open court, and intended to be entered·upon the record. The action of this court was based on it, as though it had, in fact, been entered of record.

Now, if the record had been entered, as intended, it would have been sufficient evidence of the agreement of the attorney, under the statute. The attorney's statement, in open court, of the agreement made by himself, was sufficient to authorize the court to order the entry to be spread upon the record, and thus to make a record of the fact of the agreement and its purport. This record was, through omission or mistake, not made. Now, the proceeding upon the motion was to supply the omission, by a *nunc pro tunc* entry. The attorneys' agreement, made in open court, authorized the entry to be made at the proper time. It could, of course, be delayed, as required by the business of the court, and if made a day or a week after, but during the term, it cannot be pretended that the evidence of the agreement, which was given to the court when the entry was ordered, was not sufficient. Whenever, under the law, the entry could have been made, the evidence before submitted to the court of the agreement was sufficient, and new evidence was not required.

A *nunc pro tunc* entry may be made at a subsequent term, to cover such an omission. To do this, the omission must be shown. This can only be done by showing the order for the entry made by the court, and its substance. The affidavits before the court were introduced for that purpose. So far as they state that an agreement was made in open court, by the attorney for plaintiff, which was ordered to be entered of record, they state nothing more than the substance of the record that ought to have been made during the term, but was omitted through mistake and oversight. It will be seen that the affidavits were not introduced to establish the agreement of the attorney, but to show the order and its substance, and other matters, which were correctly brought before the court, to be considered in determining the motion. They show that the order was made pursuant to an agreement of the attorneys, in open court, and that agreement must necessarily be stated in the affidavits, to show the substance of the order. It

thus clearly appears that the statute cited in the majority opinion was not violated by the court considering the affidavits upon the motion for the *nunc pro tunc* record.