53  497
m110 544

BARNES & SON V. ENNENGA ET AL.

1. **Practice**: PLEADING: MISJOINDER. An averment by the plaintiff of a joint tort by the defendants does not show a misjoinder of causes of action.

*Appeal from Hardin Circuit Court.*

FRIDAY, APRIL 23.

THE plaintiffs aver that they were the owners of a certain gray mare, and were deprived of the same by the wrongful acts of the defendants. The action is brought to recover of the defendants the value of the mare. There was a trial without a jury, and judgment for the plaintiffs. The defendants appeal.

*J. H. Scales*, for appellant.

*W. V. Allen*, for appellee.

ADAMS, CH. J.—I. The appellants assign as error that the court erred in rendering a joint judgment. The appellants 1. PRACTICE: in their answer pleaded that there was a misjoinpleading: misjoinder. der of causes of action. They evidently acquired the idea that there was a misjoinder from their understanding of the facts. But in determining the question of misjoinder we look to the petition. That avers simply a joint tort; hence there was no misjoinder. The error, if any, of the court did not consist in rendering a joint judgment, but in rendering any judgment at all. A joint tort having been averred it was incumbent upon the plaintiffs to show a joint tort. If they failed, no judgment of any kind should have been rendered. This precise point is not raised either by the appellants' assignment of error or argument.

II. The case was tried in the absence of the defendants' counsel, and without any evidence upon the part of the de-

fendants being introduced. The defendants moved for a new trial, upon the ground that there was a subsisting agreement between their counsel and the counsel for appellees that the action should not be tried that week. ·The court overruled the motion.

It is not claimed that the agreement was in writing and . signed by the attorneys, or made in open court and entered of record. As the agreement is denied, the court did not err in overruling the motion. Code § 213.

AFFIRMED.