## PRESTON v. HALE ET AL.

1. **Appeal to Supreme Court:** TRIAL DE NOVO: RECORD AS TO EVIDENCE. A trial *de novo* cannot be had in this court unless the evidence is certified within the time allowed for an appeal, (Laws of 1882, Ch. 35,) in the absence of an agreement that the abstract contains all the evidence.

2. ———: AGREEMENT AS TO ABSTRACT: EVIDENCE TO ESTABLISH. This court is precluded by statute (Code, § 213) from finding from affidavits alone that counsel for appellee agreed to appellant's abstract of the evidence.

*Appeal from Buchanan Circuit Court.*

THURSDAY, DECEMBER 11.

ACTION to set aside a probate sale of real estate. There was a decree for the plaintiff. The defendants appeal.

*Woodward & Cook*, for appellants.

*E. E. Hasner*, for appellee.

ADAMS, J.—The appellants have taken this appeal for the purpose of securing a trial *de novo*. Their abstract purports to contain all the evidence introduced or offered, and is sufficient in that respect. It does not expressly show that the evidence was made of record, but our practice is to assume that it is so claimed, and that the claim is well founded, in the absence of any showing to the contrary. The appellee, however, has filed an additional abstract, as an amendment to the appellant's abstract, in which he denies that the evidence was made of record, and it seems to be undisputed that such was the fact at the time the additional abstract was filed. Afterwards the appellants, as we infer, procured the evidence to be certified, but not until the period of six months had elapsed which was allowed for an appeal. The statute provides that the evidence in an equitable action shall be certified

by the judge within the time allowed for an appeal. Acts of the Ninteenth General Assembly, chapter 35. (McClain's Supp., § 2742, p. 185.)

The appellants file affidavits tending to show that the appellee agreed to an abstract of the evidence, and virtually agreed to waive the certification of the evidence; and, while this is denied by the appellee, we are inclined to think that according to a preponderance of the evidence such is the fact. We are precluded, however, by statute from finding such fact upon affidavits as the only evidence. Code, § 213. In this condition of the record we are unable to reach the merits of the case; and the decree must stand.

AFFIRMED