THE LITTLETON SAVINGS BANK *et al.* v. THE OSCEOLA LAND COMPANY *et al.*

1. **Appeal:** NOTICE: FILING IN CLERK'S OFFICE. The statute requiring notice of appeal, after service, to be filed in the clerk's office is directory merely, and a failure to file it does not affect the appeal which has been taken by the proper service of the notice.

2. ———: ———: SERVICE ON ASSIGNEE OF JUDGMENT. Where a judgment creditor assigns his judgment by writing filed in the clerk's office, but notice thereof is not served on the opposite party, the notice of appeal must be served on him, and not on his assignee, as the latter is not by the assignment made a party to the action.

3. **Mechanic's Lien:** NO CONTRACT WITH OWNER OF LAND. H., W. and S. had agreed to organize a corporation, but it was not organized until some months later. Meanwhile H., by arrangement with the others, purchased land in his own name and erected a building thereon, all of which became the property of the corporation after its organization. *Held* that he was not entitled to a mechanic's lien upon the property on account of the improvements made thereon by him, because they were not made under any contract with the owner of the land, as the statute requires,—the title of the land at the time being in himself, and the corporation not yet having any legal existence. But *held*, further, that he was entitled to judgment against the corporation for the expenditures made by him for its use and benefit.

*Appeal from Clark District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 6, 1888.

The Littleton Sav. Bk. v. The Osceola Land Co.

ACTION to foreclose a mortgage on real estate executed by the Osceola Land Company. B. L. Harding was made a defendant, and he filed a cross-petition, claiming a mechanic's lien on the mortgaged property. Decree foreclosing the mortgage and establishing the mechanic's lien, which was declared to be the superior lien, and the plaintiffs appeal.

*M. L. Temple* and *W. M. Wilson*, for appellants.

*Kauffman & Guernsey*, for Harding.

*Gatch, Connor & Weaver*, for land company.

*Mitchell & Dudley*, for Clark County Bank.

SEEVERS, C. J.—I. Before considering the merits of this controversy, we are required to determine

1. APPEAL: notice: filing in clerk's office.

whether an appeal has been taken. The notice of appeal was duly served on the proper parties and clerk, but was not filed in the office of the latter until more than six months after the decree was entered of record, and it is insisted that such filing is an essential prerequisite. It is provided by statute that "an appeal is taken by the service of a notice in writing on the adverse party, his agent or attorney, * * * and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same. * * *" Code, sec. 3178. This having been done, it follows that the appeal was duly and properly taken. The statute in express terms so provides. It is true that it is provided by statute that the notice must be "returned immediately after service to the office of the clerk." *Id.* sec. 3214. This statute is directory, and, if not, the appeal taken by the service of the notice is in no respect affected thereby.

On the same day on which the decree was entered B. L. Harding assigned his interest therein to Nellie L.

2. ——: ——: service on assignee of judgment.

Harding, trustee, and such assignment was filed in the clerk's office. But this did not make said assignee a party to the action,

or make it essential that she should be served with notice of appeal. Before she could become a party to the action so as to become entitled to service of notice of appeal, she must have been made so by some order of the court. Appellants were not bound to take notice of such assignment, and it was never served on them.

II. The pleadings are voluminous, but it is not deemed essential to refer to them with particularity, for the reason that the right of appellants to a foreclosure of the mortgage is not questioned; and the material questions we are called upon to determine are whether the defendant Harding is entitled to a mechanic's lien, and, if not, whether he is entitled to a judgment against the land company. In January, February and March, 1882, Mr. Harding purchased the real estate described in the mortgage upon which he seeks to establish a mechanic's lien, and the same was conveyed to him in the months above stated. In June, 1882, the mortgage sought to be foreclosed was executed by the Osceola Land Company to the American Mortgage and Investment Company, to secure certain bonds executed by the land company to the amount of twenty thousand dollars, which bonds belong to the appellants. The articles of incorporation of the Osceola Land Company purport to be signed at Osceola, Iowa, in March, 1882, and acknowledged by two of the incorporators on the fourteenth day of June, 1882, at Boston, Massachusetts, and by the other incorporators a few days thereafter in Iowa. It satisfactorily appears, we think, that the articles were prepared in Boston about June, 1882, and dated back; but, be this as it may, the incorporation known as the "Osceola Land Company" was not formed until June, 1882. The incorporators were B. L. Harding, W. W. Wick and H. N. Smith. Harding was president, and Wick secretary, of the company. As early as March, 1882, the erection of a building on the mortgaged premises by Mr. Harding was commenced. Whether he was then acting for himself or for some one else, is possibly a controverted question. At that time

*3. Mechanic's lien: no contract with owner of land.*

the account for which he claims a mechanic's lien commences. In January, 1883, Harding conveyed the mortgaged premises to the Osceola Land Company. In July, 1886, he filed in the clerk's office a statement under oath claiming a mechanic's lien "under a contract with the Osceola Land Company," and that he commenced under such contract to "furnish material and labor for said building on or about the first day of April, 1882." As to the facts above stated we think there is no serious controversy. The appellants contend that Harding is not entitled to a mechanic's lien upon several grounds, among which is that no contract with the owner of the land has been established, either express or implied. That it is essential that there should be such a contract is expressly provided by statute. McClain's Code, p. 596, sec. 3. We do not understand counsel for appellee to claim otherwise.

At the time Harding states he entered into the contract, in the statement filed claiming a lien, the Osceola Land Company had not then been formed, and was not then in existence, and therefore did not own the land, unless Harding held the legal title as trustee for such company, as possibly counsel for appellee contends. But it is difficult to see how a proposed corporation not yet formed can hold an equitable title to real estate. It is clear, therefore, that Harding could not have made a contract with or furnished materials under one made with such company. At the time it is claimed the contract was made, Harding owned the land, and he does not claim the lien under any contract made with himself. Such a claim would be preposterous. We understand the contention of counsel for the appellee Harding substantially to be that, prior to the organization of the land company, the promoters of the corporation and enterprise, Smith, Wick and Harding, determined to purchase the land, construct the building and then organize the corporation, and make the requisite conveyance and transfer to it; and that in pursuance of this purpose the legal title was taken in the name of Harding, and that he became a

trustee for a corporation not yet formed ; that it was agreed that Smith should own all the stock in the corporation, which it will be conceded he did. Neither Harding nor Wick owned any stock, although they acted as president and secretary of the corporation. Counsel for the appellee further claim that the contract was made with Smith as one of the promoters, who alone was pecuniarily interested in the corporation, and, as the latter has accepted the conveyance of the real estate and building, and is receiving the rents and profits and enjoying all the benefits, it should pay Harding all money actually expended by him. Conceding all this to be true, the question remains, is Harding entitled to a mechanic's lien ? which does not and cannot exist because of any equities which may exist between the parties, but because the statute so provides. It therefore cannot be recognized or established, except under the provisions of the statute. We do not find any sufficient evidence that the real estate was conveyed to Harding as trustee for any one ; and it is not claimed, and is not true, that Smith ever owned either the legal or equitable title to the land or building, which are owned by the land company, and it is entitled to and is receiving the rents and profits thereof ; and we find under the evidence that Harding has expended the amount found due him by the district court in purchasing the land and erecting the building, and we think, under the facts disclosed in the record, that Harding is entitled to recover such amount of said company. We do not deem it material to state the reasons upon which our conclusion is based, further than to say it is based upon the equitable principle that Harding has expended money for the benefit and use of the company, with its knowledge, as we think we are required to find under the evidence.

It has not seemed to us that it is essential we should determine whether certain attorneys had the right to appear for the land company, because we are unable to see that any practical benefit would result should we do so. So much of the decree of the district court as gives

Harding a mechanic's lien will be reversed. The appellants are entitled to the first lien, and the Clark County Bank to the second, and Harding is entitled to judgment for the amount found due him by the district court, and he must pay the costs of this appeal.

MODIFIED AND AFFIRMED.