Riegelman & Co. v. Todd.

## RIEGELMAN & Co. v. TODD et al.

1. **Appeal:** AGREEMENT OF ATTORNEYS : EVIDENCE. An alleged oral agreement on the part of counsel for appellees that the cause should be submitted to this court upon appellants' abstract, and that a transcript should be waived, cannot be established by the affidavits of appellants' attorneys. (See Code, sec. 213, par. 2.)

2. ———: EVIDENCE WANTING : MOTION FOR NEW TRIAL FILED TOO LATE. Where appellee's abstract contradicts appellant's, and is itself denied, but appellant fails to file a transcript, appellee's abstract must be taken as true, and when it thus appears that appellant's abstract does not contain an abstract of all the evidence, and shows that the motion for a new trial was not filed within the time prescribed by section 2838 of the Code, and it is not claimed that the time was extended for filing it, all questions which depend upon the evidence, or upon the motion for a new trial, must be disregarded.

3. **Instructions:** FRAUD IN CHATTEL MORTGAGES : EVIDENCE. In an action by the mortgagees of chattels to recover them from an officer holding them under an attachment, it is not necessary for the defendant. in order to succeed, to prove both that the mortgages were without consideration, and that they were made to defraud the creditors of the mortgagor; and the instructions in this case (see opinion) do not, when considered together, as they should be, so hold.

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

FILED, MAY 27, 1889.

ACTION to recover the possession of specific personal property, or the value thereof, if it cannot be found, and damages for its detention. There was a trial by jury, and a verdict and judgment for plaintiffs. The defendants appeal.

*Cole, McVey & Clark* and *Thos. F. Barber*, for appellants.

*Lehman & Park* and *E. M. Betzer*, for appellees.

ROBINSON, J.—Plaintiffs seek to recover a stock of millinery and ladies' furnishing goods and certain furniture, to which they claim title by virtue of two chattel mortgages executed by C. R. Meldon. One of the mortgages was given to plaintiffs, and the other to M. Meldon. Defendants are the sheriff of Carroll county and D. B. Fiske & Co. They claim a right to the goods under a writ of attachment issued in favor of said D. B. Fiske & Co., and against the property of C. R. Meldon, and allege that the mortgages by virtue of which plaintiffs claim title were executed to hinder, delay and cheat the creditors of the mortgagor, and that they are therefore fraudulent and void. The jury found specially that the mortgage to M. Meldon was void, and that the value of the stock, when taken by defendants, was fourteen hundred and fifty dollars, and that the total amount due the plaintiffs was $1,536.68. Judgment was rendered for that amount.

I. The appellees, by an additional abstract, deny that the abstract of appellants is an abstract of all the evidence introduced on the trial, and show that the verdict was returned on the twenty-second day of December, 1887, and that the motion for a new trial was not filed until the twenty-eighth day of that month. Appellants deny the statements of the additional abstract, but failed to file a transcript in this court. Appellants have filed a motion to strike from the files the additional abstract, on the ground that it 1 APPEAL: agreement of attorneys: evidence. was verbally agreed between the attorneys of the respective parties that a transcript should be waived, and the cause submitted in this court on the abstract of appellants. Affidavits of attorneys for appellants are submitted in support of the motion. The alleged agreement is denied by appellees, and cannot be established in the manner proposed. Code, sec. 213 (2). The motion to strike will therefore be overruled. In the present condition of the record,

2. ——: evidence wanting: motion for new trial filed too late.

all questions· which depend upon the evidence or upon the motion for a new trial must be disregarded. It is not claimed that there was any extension of time for filing that motion. Code, sec. 2838; *Stiles v. Estate of Botkin*, 30 Iowa, 60; *Patterson v. Jack*, 59 Iowa, 633.

II.   The court charged the jury as follows: "(4) The defendant, to defeat the right of the plaintiffs to recover,

3. INSTRUCTIONS: fraud in chattel mortgages: evidence.

claims that the mortgages were made without consideration, and to hinder, delay and defraud the creditors of C. R. Meldon the maker of the mortgages, and are therefore fraudulent and void. (5) And the question for you to determine is whether or not this defense is sustained by a preponderance of the evidence. If so, your verdict must be for the defendants." It is claimed that these paragraphs of the charge are erroneous, in that they require defendants, in order to succeed, to prove that the mortgages were without consideration, and also that they were made to hinder, delay and defraud the creditors of the mortgagor. The fourth paragraph is not a correct statement of the law, and, if taken alone, would be not only erroneous, but presumptively prejudicial. It is evident, however, from a consideration of the charge as a whole, that it was not designed by the court to be more than a general statement of a claim made by defendants, and could not have been so understood by the jury. The sixth paragraph of the charge was as follows: "If you find from the evidence that C. R. Meldon made either one of said mortgages without a valuable consideration therefor, then such mortgage is void as to D. B. Fiske & Co., although the parties to the mortgage may not have actually had a fraudulent purpose in making it; and, if neither of said mortgages was supported by such consideration, then your verdict must be for the defendant." In other paragraphs the jury were fully instructed as to the fraud which would avoid a conveyance of property as to creditors, even though it was supported by a valuable consideration.

Under the charge as a whole, the jury could not have been misled by the fourth and fifth paragraphs.

III. Complaint is made of the refusal of the court to submit certain special interrogatories and certain instructions asked by defendants, but in the absence of the evidence we cannot review the action of the court as to the matters specified. The record discloses no prejudicial error. The judgment of the district court is therefore AFFIRMED.