BORLAND v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1. **Deposition:** USE OF: STIPULATION: CONSTRUCTION: ORAL AGREEMENT. A stipulation that plaintiff might use in his behalf a deposition taken in another case, but not filed in this, did not warrant the use of it by defendant on his behalf; and the claim of defendant, that plaintiff orally agreed to the use of it by defendant, could not be considered, when denied by plaintiff. (See Code, sec. 213, par. 2.)

2. **Continuance:** SURPRISE: DISCRETION OF COURT. A motion for a continuance on the ground of surprise by reason of the exclusion of a deposition, and the consequent failure of defendant to have witnesses present to testify upon the point to which it related, was overruled. *Held* to have been a matter for the discretion of the trial judge, which could not be interfered with in the absence of a showing of abuse.

3. **Instructions:** AS TO MATTER NOT IN CASE. It is not error to refuse to direct the jury to give no attention to a matter that neither party has attempted to bring into the case.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JUNE 4, 1889.

Borland v. The Chicago, M. & St. P. Ry. Co.

ACTION to recover the value of certain hay in stacks, burned by a fire set out by an engine operated upon defendant's railroad. There was a judgment on a verdict for plaintiff. Defendant appeals.

*Geo. E. Clarke* and *Burton & Hanson,* for appellant.

*Milt. H. Allen,* for appellee.

BECK, J.—I. The objections to the judgment in this case will be considered in the order of their discussion by defendant's counsel. A deposition had been taken in another case by the plaintiff therein, who was not a party in this case. A stipulation was entered into by the parties to this case, to the effect that plaintiff in this case may introduce and use in evidence in his behalf the deposition, subject to the objection by defendant which could be made to it in the case in which it was taken. The deposition was not filed in this case. The defendant offered the deposition, and objection thereto was, in our opinion, correctly sustained by the court. The deposition was not taken nor filed in this case. It was stipulated that it should be received in this case on the part of plaintiff. No stipulation provides that the defendant might introduce it. Counsel for defendant, in support of his right to introduce the deposition, stated professionally that the counsel on the other side stated to him that the defendant might offer the deposition subject to objection and rebutting evidence. This statement is not admitted to be correct by the other side. In matters of this kind, we cannot act upon the statement of counsel as to the substance or effect of an oral agreement of this character. See Code, sec. 213, par. 2. Certainly, for another reason, we cannot reverse the action of the court below on the ruling complained of. It was not shown that the statement of defendant's counsel constituted all the evidence upon which the district court acted in deciding the matter.

1. DEPOSITION: use of: stipulation: construction: oral agreement.

A motion for a continuance, on the ground of surprise by reason of the exclusion of the deposition, and consequent failure of defendant to have witnesses present to testify upon the point to which the deposition related, was overruled. The ruling is made the ground of objection in this court, which is not urged by counsel, except in two or three lines of the printed argument. We think no abuse of discretion of the judge in overruling the motion is shown. He was better prepared than we can be to determine the question of the right of defendant to a continuance upon the ground upon which it was claimed.

*2. CONTINUANCE: surprise: discretion of court.*

II. The court, in an instruction, stated to the jury that defendant admitted in its answer that the fire was set out by its engine. The instruction is in accord with the facts. The answer denies all allegations of the petitions, except as otherwise admitted. The answer in the next count directly and positively admits that the fire was set out by an engine (No. 300) operated upon defendant's railroad by one of defendant's engineers.

III. The defendant asked the court to give the following instructions: " It appearing without controversy that the fire in question started outside of defendant's right of way, the question of whether or not its said right of way was clean and free from grass and other combustible matter becomes immaterial, in considering this case. Therefore you need give the question of whether or not the same was clean and free from grass and other combustible matter no further attention, for, as hereinbefore stated, that question would then be immaterial." The condition of defendant's right of way was not put in issue by the pleadings, nor was it a matter of controversy in the evidence, and neither party made claim, one way or the other, based thereon. The court, therefore, properly refused the instruction, thus wholly withholding from the jury a matter that neither party had attempted to bring into the case. We have considered all questions discussed by counsel. The judgment of the district court is      AFFIRMED.

*3. INSTRUCTIONS: as to matter not in case.*