TAYLOR v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1. **Appeal:** AGREEMENTS OF COUNSEL. Agreements of counsel will be recognized in this court only when admitted, or when reduced to writing, signed by counsel and filed in the case.

Taylor v. The Chicago, M. & St. P. Ry. Co.

2. ———: USELESS RECORD: COSTS. Appellee filed an additional abstract, denying a parenthetical and explanatory statement made by appellant in his abstract, which statement did not purport to be a part of the record, and therefore needed no denial, even if untrue, and denying the correctness of appellant's abstract in other respects; making it necessary for appellant to file a transcript. Upon comparing appellant's abstract with the transcript, it was found to be a full and fair abstract of the record. *Held* that a motion to strike appellee's denial from the files, and to tax the costs of the denial and transcript to the appellee, should be sustained.

3. **New Trial:** EVIDENCE TO SUPPORT VERDICT. A new trial will not be granted by this court on the ground that the verdict is not warranted by the evidence, when the evidence is conflicting.

4. ———: GROUND OF: CONFLICTING EVIDENCE. Where the evidence before the trial court as to a fact alleged as ground for a new trial is conflicting, its finding will not be disturbed on appeal, in the absence of a showing of abuse of discretion.

5. ———: ———: NEWLY-DISCOVERED EVIDENCE. Newly-discovered evidence which is merely cumulative is no ground for granting a new trial, especially when it does not appear that, by the use of ordinary diligence, it might not have been discovered before the trial.

6. **Instructions:** WHEN PROPERLY REFUSED. Instructions asked are properly refused when they are fully embraced in those given.

7. **Evidence:** PRIVATE MEMORANDUM. A memorandum or written statement of fact, made by one of defendant's employes in the performance of his duty, was not admissible in defendant's behalf, even though the employe was sick and unable to testify to the fact in person.

*Appeal from Hancock District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, JUNE 2, 1890.

ACTION to recover damages for the loss of six stacks of hay, alleged to have been burned by fire from one of defendant's engines. Answer, denying every allegation not expressly admitted; admitting that it is a corporation, and was operating a line of railway, as alleged, and alleging that, if any fire escaped from its engines, it was from engine number 213; also alleging

Taylor v. The Chicago, M. & St. P. Ry. Co.

the exercise of due care on defendant's part. The case was tried to a jury, and verdict returned for defendant, upon which the court at once entered judgment against plaintiff for costs. Within three days thereafter plaintiff filed a motion to set aside the verdict and judgment, which, by agreement, was continued to the June term, 1888, at which time said motion was overruled. Plaintiff appeals.

*W. E. Bradford*, for appellant.

*Geo. E. Clarke*, for appellee.

GIVEN, J.—I. Appellant moves to strike appellee's denial of portions of appellant's abstract, and to tax the costs thereof and of the transcript to appellee. The grounds assigned are that the denial was not filed in time, and is not true. In a written stipulation for continuances, it was agreed that appellee's argument and abstract, if any, must be served and filed before July 1, 1889. The denial was not filed until October 17. The appellant's statement shows that there were subsequent agreements extending the time. This court will not go into investigations to determine what agreements have been made by counsel. Such agreements will only be recognized when admitted or stated in writing, signed by counsel, and filed in the case. Appellant prefaces the setting out of his motion for new trial by a statement in parenthesis excusing the length of his motion, wherein he alleges fifty-three grounds for new trial. While such statements should not be embraced in an abstract, it is apparent that this was not intended to be taken as part of the record, and a denial was unnecessary, as it would not be considered. Appellee denies that the abstract contains all the evidence. To determine this it has been necessary to compare the abstract with the somewhat lengthy transcript. Appellee does not point out wherein the

1. APPEAL: agreements of counsel.

2. ——: useless record: costs.

abstract fails to contain all the evidence, and, upon comparison, we do not discover that any material portions of the evidence have been omitted from the abstract. Appellee denies that any bill of exceptions was ever signed by the court, or filed, as required by law. We think this denial is not sustained by the transcript, nor the denial that the abstract contains all the pleadings filed in the cause. The abstract, containing, as it does, the substance of the entire record, is sufficient, and should not have been denied. The motion of appellant to strike the denial, and to tax costs of the denial and of the transcript, rendered necessary thereby, to the appellee, is sustained. We add in this connection, in answer to appellee's claim, that exceptions were not properly taken, that, although the record is confused and difficult to understand, yet it discloses sufficiently that exceptions were taken to each of the rulings wherein error is urged in argument.

II. Appellant contends that the verdict is contrary to the law and evidence. Conceding, as is claimed, that appellant made out his case in full, and that thereby the burden was cast upon appellee to prove care, we think there was evidence to support the finding that appellee had exercised the care required. True, there is much conflict in the evidence, but it is the province of the jury to reconcile these conflicts, and determine what the facts were. It would serve no good purpose to here discuss the testimony at length. It is sufficient to say that there was evidence to support the finding of the jury, and that, under the oft-repeated rulings of this court, the verdict will not be disturbed on this ground.

3. New trial: evidence to support verdict.

III. One of the grounds for new trial was that appellee's attorneys and employes concealed and suppressed the evidence of one Lease, as shown by affidavit. The question was submitted on the affidavit of appellant's counsel, largely based upon information, and the affidavit of appellee's counsel, based upon personal knowledge. We do not

4. ——: ground of: conflicting evidence.

discover any abuse of discretion in overuling the motion so far as it rested upon this ground.

V. Another ground for new trial was newly-discovered evidence. The alleged newly-discovered evidence was as to where the fire started. This is

**5. ——:——:**
**newly-discov-** merely cumulative, and there is not a suffi-
**ered evidence.** cient showing of diligence. It does not appear but that this evidence might have been discovered before the trial, by the exercise of ordinary care.

V. Appellant complains of the instructions given, and the refusal to give those asked. It is not entirely clear what the grounds of complaint are.

**6. INSTRUCTIONS:** We understand, however, that it is as to the
**when properly** 
**refused.** presumption arising from the fact of starting the fire, and the burden of establishing care on the part of appellee. The instructions asked by appellant are fully embraced in those given, which clearly and plainly direct the jury as to presumption and burden. We see no error in the instructions given, nor in refusing those asked.

VI. On the trial appellee produced, and had identified by John Anderson, a record kept in appellee's roundhouse, at Mason City, of the condition

**7. EVIDENCE:** of stacks and engines. It appears that
**private mem-** 
**orandum.** Anderson and one Hilman were employed as boiler-washers at that house, one serving in the day-time, and the other at night; that it was the duty of the one serving to examine each engine when it came in, and to enter in this book the condition of its stack and netting, indicating by "O. K." that it was in good order, and by "B. O." that it was in bad order; and if in bad order to put in a new netting, noting that fact in the book. It was the duty of the one making the examination and entry to sign his name to the entry. Hilman was not produced or examined. Anderson testified that he was at home, sick. Appellee was permitted, over appellant's objection, to introduce and read in evidence the following entries in said book:

"September 27, number 213 B. O.    *    *    *
November 5, number 213 O. K.

"C. HILMAN."

It does not appear from the transcript by whom the entry of September was made. That of November 5 was shown to be in Hilman's handwriting. These entries are simply private memoranda, such as may be used to refresh recollection. We are not aware of any rule that renders such memoranda admissible in evidence. 1 Greenl. Ev., secs. 436, 437. That the entry of November 5 was in Hilman's handwriting did not render it competent evidence. In *Hoffman v. Railway Co.*, 40 Minn. 60; 41 N. W. Rep. 301, wherein the same kind of entry was offered, it was held incompetent and inadmissible. Appellee contended that if the fire was set out by one of its engines it was number 213, and as there was evidence tending to so show, the condition of 213 became an inquiry of importance. These entries relate directly to that subject. That Hilman was at home, sick, might have been good cause for continuance, but certainly did not lay the foundation for admitting a memorandum made by him as evidence of an important fact. We are of the opinion that appellant's objection to these entries should have been sustained, and admitting them in evidence was prejudicial error. As for this reason the judgment of the district court must be reversed, we do not notice the other errors assigned and argued, as they will not arise upon a retrial.        REVERSED.