LOREN, HAMPTON, Appellant, v. DES MOINES & CENTRAL IOWA RY. Co., Appellee.

No. 41999.

JUNE 23, 1933.

Davis, Michel, Yaeger & McGinley, and J. E. O'Brien, for appellant.

Corwin R. Bennett, for appellee.

ALBERT, J.—On the 28th day of October, 1932, a judgment was entered in this case from which the plaintiff undertook to appeal. Notice of appeal was served in due time, but the same was not filed with the clerk of the court until the 16th day of March, 1933, which was approximately four and one-half months after the rendition of the judgment.

On the 2d day of May, 1933, a motion was made in this court to dismiss the appeal, which motion was ruled on May 2, 1933, dismissing the appeal and ordering appellant to pay the costs.

On May 11th following, the appellant filed herein his motion to set aside the ruling of the court above referred to and to reinstate said cause, and on May 13th this motion was overruled, and

this is an attempt to review the record by way of a petition for rehearing.

Ordinarily, opinions are not written on rulings on motions, but for the purpose of clearing up the questions herein involved so that the profession may have a full understanding thereof, we are writing this opinion.

The real question involved is quite simple. By reference to the facts above set out, plaintiff attempted to appeal herein and served the proper notice within the proper time of such intent to appeal, but failed to file the same with the clerk of the court within the four-month limitation, and the question argued and discussed is as to whether or not the filing of the notice with the clerk is necessary to an appeal.

Much confusion is found in the cases on this question, but when the legislation in relation thereto is considered, the confusion disappears.

In Baldwin v. Tuttle, 23 Iowa 66, it was held that it was not necessary that such notice be filed or marked "filed with the clerk" within the time. An investigation of the statute which existed at that time (section 3509, Revision of the Code of 1860) shows that no such filing is called for by the statute.

Sections 3509 and 3511 of that Code do not require the filing of said notice with the clerk; hence the ruling in the Baldwin case.

Section 4114, Code 1897, reads as follows:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party * * * and also upon the clerk of the court * * * stating the appeal from the same, or from some specific part thereof, defining such part."

Under this section we held in Littleton Savings Bank v. Osceola Land Co., 76 Iowa 660, 39 N. W. 201, that the return of the notice to the clerk is directory.

Section 12837, Code 1924, is a compilation of section 4114, Code 1897.

Section 12840, Code 1924, provides the manner of service and return thereon, and provides that the same shall be filed in the office of the clerk of the court. This is a compilation of section 4115, Code 1897.

It will be noted that this section has nothing to do with the perfecting of an appeal and this was the status of the law when

the case of Coggon State Bank v. Woods, 212 Iowa 1388, 238 N. W. 448, was decided by this court.

The law of the state continued thus until the enactment of chapter 236, Acts of the 44 Gen. Assem., in the year 1931. By this enactment, this section of the Code was made to read as follows:

Section 12837. "An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

It will be noticed that the legislature changed the said section as to the method of taking and perfecting an appeal by striking out the part requiring notice to be made by service on the clerk and adding "and by filing said notice with return of service indorsed thereon or attached thereto with" the clerk of the court wherein the proceedings were had, stating, etc.

In other words, as the law now exists, to take and perfect an appeal to this court, two things are required: First, the service of a written notice on the adverse party, his agent, or attorney; and, second, filing such notice with return of service indorsed thereon with the clerk of the court.

Under the statutory provision, both of these requirements are necessary, and a failure to do either of these two things required by the statute is fatal to an appeal. In the case under consideration, the notice was served on the proper parties within the statutory time, but the same was not filed with the clerk of the court within the required time; hence the appeal was not perfected as required by the statute, and the ruling of the court made in this matter heretofore, dismissing the appeal, was proper.

Jurisdiction is conferred upon this court only in the manner provided by statute, and where there is a failure to comply with the statute providing for perfecting of an appeal, no jurisdiction is conferred. It is the settled rule in this state, through all of its history, that parties to litigation cannot, by agreement, confer jurisdiction upon this court.

The petition for rehearing is overruled.

All Justices concur.