D. W. BATES, Superintendent of Banking, Appellee, v. ADEL STATE BANK, Appellee, W. C. HARKRADER, Claimant, Appellant.

No. 43634.

FEBRUARY 9, 1937.

R. R. Nesbitt and Robert E. Frush, for appellant.

Russell K. Craft, for appellee.

PARSONS, J.—D. W. Bates, superintendent of banking of the State of Iowa, and the Adel State Bank, are appellees herein. W. C. Harkrader is denominated as claimant, and is appellant herein.

The Adel State Bank was organized about thirty years ago, and did business in Adel, Dallas county, Iowa, until the bank was taken over and went into receivership under Bates as receiver. The appellant Harkrader filed a claim, setting out in his petition that Alda Harkrader had a deposit of $111.18 in the bank; that V. G. Harkrader had a deposit of $50.00 in said bank, and J. R. Harkrader had a deposit of $458.67 in the bank, all general deposits, and amounting in the aggregate to $619.85. That there were also deposits in the bank evidenced by certificates of deposit; one by Alda Harkrader for $2,040.00, made October 6, 1932, and payable six or twelve months after date, on the return of the certificate properly indorsed; another certificate dated February 4, 1933, for $2,000.00 to J. R. Harkrader, or Alda, V. G., or W. C. Harkrader, payable to self in six or twelve months after date, on the return of certificate properly indorsed; and another certificate in the names of above parties in the sum of $5,000 payable in six or twelve months after date to self, on the return of certificate properly indorsed; and another certificate for $6.36 to the order of J. R. Harkrader, dated April 21, 1921, payable on return of certificate properly indorsed. The certificates and the general deposits thus aggregating $9,666.21. The petition further set forth that the claims by the various parties under certificates of deposit, were assigned in writing to W. C. Harkrader by all parties interested therein.

It is further claimed that on or about the first day of March,

1933, claimant and the other Harkraders went to the bank with the certificates of deposit, and demanded their money, and asked Leach, president of the bank, for the money. That Leach said, "We are as strong as any bank, we are 100% and have plenty of money to pay you off", and he then asked, "What are you going to do with your money?" and they said "buy land". Leach then said, "We have got some as good farms as anybody has, that we will turn you at 100 per cent on the dollar for your money." And W. C. Harkrader, speaking for the others, said, "We will agree to leave our money with the understanding it is to be not as a regular deposit, but to buy land and land only", and he agreed to it.

Several of the Harkraders testified to about the same facts. Leach was not a witness. Subsequent to this the bank went into the hands of a receiver, and the petition in this case was filed in the receivership proceedings.

The facts heretofore recited appear in the evidence, and in addition thereto it appears that the bank was closed on January 19, 1935. We take it this means that at that time it went under receivership. Leach was president of the bank, and E. B. King was cashier, and in his testimony he, speaking of the Harkraders being in the bank in March 1933, conferring with Leach for a considerable time, said he did not know whether or not they came in to draw out their funds. Appellant became the owner of all these deposits by assignment. A paper dated March 1, 1933, was introduced in evidence. It is headed "Real Estate Option", and gave to J. R. Harkrader the privilege of purchasing on or before September 1, 1933, certain real estate in Dallas county at the price of $8,040.00 in cash, as represented by the certificates of deposit in the Adel State Bank, upon delivery of the deed. This was signed by the Adel State Bank, Adel, Iowa, by Robert L. Leach, President, and E. B. King, Cashier, and as it appears in the printed record, below these signatures of the officers of the bank, appears the following: "In witness whereof we have hereunto affixed our names at Des Moines, Polk County, Iowa, this 15th day of July, A. D. 1935," signed by J. R. Harkrader, Alda Harkrader and Vernon Harkrader.

We cannot understand this for the reason that the petition of claimant herein was filed after that date, to wit: the 17th day of July, 1935, and the assignment of the various certificates of deposit, as it appears in the record, has no date whatever.

The claimant in his petition prayed that the checking accounts and certificates of deposit of himself and assigns be declared a special deposit by the bank for the purpose of purchasing real estate, and that the receiver be required to carry out the agreement; that in the event they fail so to do, that the amount of his claim be declared a special deposit against the general assets of the bank, and that the receiver be enjoined from disposing of said real estate until opportunity has been given the claimant to complete his said contract with the Adel State Bank, and for general equitable relief.

The claims involved in the action were classified as "deposits" and were without preference, and were to be paid as general deposits. After the evidence was introduced and the parties had rested, the court on the 30th of January, 1936, entered a decree in which it found for the receiver and against the claimant, to all of which claimant excepted.

On the 17th day of April, 1936, the claimant gave notice of appeal to this court, serving same upon the attorney for D. W. Bates, receiver, of the Adel State Bank. The abstract recites, "and the Clerk of the District Court of Dallas County, Iowa."

A motion has been filed in this case to dismiss the proceedings on the ground that no appeal has been taken. The motion sets forth that on the 17th day of April, 1936, notice of appeal was accepted by the attorneys for appellee; that said notice, or any other notice of appeal, was not filed with the clerk of the district court, as provided by section 12837 of the 1935 code of Iowa, and that no notice of appeal was ever filed in said clerk's office, or ever left with the clerk for the purpose of filing same, and that there is no notice of appeal in said clerk's office.

Resistance was filed to the motion, and motion to strike resistance, affidavits, and other papers have been filed.

It appears from an examination of the record that on the 17th day of April, 1936, notice of appeal was accepted by attorneys for the appellee, and that there was never any other notice of appeal than this, and none was filed with the clerk of the district court at Adel, or deposited with him for the purpose of filing, and there is none now in the office of the clerk of the district court at Adel.

■■■ There are showings and counter-showings somewhat in conflict, but we gather therefrom that the notice of appeal was in proper form, and that acceptance of service of the notice was

made by the attorney for the receiver, but this notice with the service thereon was never filed with the clerk of the district court. The showing as to this is that the clerk received what he calls, "Notice of Appeal" by mail from Des Moines, Iowa, in an envelope post-marked "Des Moines June 12, 1936"; that the attorney sending it was then telephoned to and he said he would come to Adel in a few days and look at it; that he called at the office of the clerk of Dallas county on July 13, 1936. It was shown that the clerk never refused to file the notice of appeal, or any notice of appeal. He simply followed the instructions of the attorney. It appears that the carbon copy of the notice had been sent to the clerk, and that it was the carbon copy the clerk received, and it was the only notice ever sent to the clerk; that said notice was in proper form but showed no service whatever. It had an acknowledgment of service on the attorneys for defendants, but bore no signature of the attorneys, who accepted service. This notice was not filed by the clerk, and should not have been.

Section 12837 of the Code is as follows:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

It appears from this that in order to perfect an appeal there must be service in writing; that the notice must be filed with return of service indorsed thereon, with the clerk of the court wherein the proceedings were had. If this is not done there is no appeal. The filing the appeal in the Supreme Court, or in any court other than the court in which the proceedings were had, is of no avail. This statute is jurisdictional. We have no right whatever to consider an appeal unless these steps have been taken. They were not taken in this case, hence the court must find that the appeal not having been taken, the proceedings must be dismissed. Hampton v. Des Moines & C. I. Ry. Co., 216 Iowa 640, 249 N. W. 436; Educational Film Exchanges v. Thornburg, 217 Iowa 178, 251 N. W. 66.

The Hampton case goes over all the authorities, discusses

them carefully, and it is summed up in the headnote, that an appeal of the Supreme Court is not perfected unless after the notice of appeal is properly served, said notice with the return of service indorsed thereon or attached thereto, is filed within the time allowed for taking an appeal, with the clerk of the court wherein the proceedings were had.

Again, in the Educational Film Company case, the court holds that an appeal cannot be entertained when the record affirmatively shows (1) that the appearance docket of the trial court carries no notation of the filing of a notice of appeal, and (2) that no notice of appeal can be found in the office of the clerk of said court.

A positive showing here is that there was no notice of appeal filed in the district court of Dallas county, Iowa, and that no copy of the notice of appeal could be found in the clerk's office. True, there was an uncompleted carbon copy sent the clerk by mail, but it had no service indorsed on it; it did not show service upon anybody. So as no notice was ever served, as required by statute, and filed with the clerk within the time prescribed for appeal, said appeal is not properly before this court.

It is evident from the foregoing that this court has no jurisdiction. That the appeal was not taken in time. However, we have carefully gone over the record, and we see no reason why the case should be reversed, even if it were properly before us, as we think the claimant failed in carrying the burden of proof necessary to show a special deposit, or that he was entitled to a preference, or any relief whatever. As this appeal is not properly before this court, and for the reasons herein stated, the appeal is dismissed at appellant's costs.—Dismissed.

RICHARDS, C. J., and STIGER, MITCHELL, DONEGAN, SAGER, KINTZINGER, ANDERSON, and HAMILTON, JJ., concur.