EARL F. LOTER, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellee.

No. 45258.

FEBRUARY 11, 1941.

Hollingsworth & Hollingsworth and Robert H. Walker, for appellant.

Clark, Pryor, Hale & Plock, for appellee.

MILLER, J.—This is an action at law wherein the plaintiff seeks to recover payments claimed to be due under a group policy of life insurance for permanent disability. The petition set out a copy of the certificate issued to the plaintiff as an insured under the group policy, but did not set out a copy of the group policy. Defendant filed a motion for more specific statement, asking that plaintiff be required to set out a copy of the group policy. The motion was sustained. Plaintiff filed two amendments to his petition, in each of which he refused to set out a copy of the group policy and undertook to avoid compliance with the order of court requiring him to do so. The defendant filed a motion to strike each of the amendments to the petition. Each motion to strike was sustained. Plaintiff then refused to plead further. Accordingly, on November 2, 1939, the court entered judgment dismissing plaintiff's petition at plaintiff's costs. From this judgment plaintiff attempted to appeal.

At the outset, we are faced with appellee's motion to dismiss the appeal, contending that appellant failed to comply with the requirements of section 12837, which provides: "An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had * * *." We think that the motion to dismiss the appeal is well grounded.

The parties have undertaken to establish the facts upon which each relies by affidavits. From these affidavits most of the facts are undisputed. The only real dispute arises over the question whether there was an oral agreement between counsel.

The judgment having been entered November 2, 1939, in order to comply with the requirements of section 12832, it was necessary that the notice of appeal be served and filed as re-

quired by section 12837 within four months after November 2, 1939, or not later than March 2, 1940. Counsel for appellant contend that on February 28, 1940, they called counsel for appellee on long distance telephone and asked, as an accommodation, permission to sign the firm name of appellee's counsel to the acceptance of service of a notice of appeal in order that the notice with the acceptance of service might be at once filed with the clerk of the district court and that, as a matter of accommodation, counsel for appellee consented that they do this. They further contend that, pursuant to such oral agreement, the firm name of counsel for appellee was signed to a duplicate original copy of the notice of appeal, accepting service on February 28, 1940, and that the notice with acceptance so indorsed thereon was filed on the same day with the clerk of the district court. On the same day the original copy of the notice of appeal was stamped filed by the clerk of the district court and was forwarded to counsel for appellee with a request that acceptance of service be indorsed thereon and that this copy of the notice of appeal be forwarded to the clerk of this court at Des Moines.

Counsel for appellee received the original of the notice of appeal and accepted service thereon on February 29, 1940, specifying that such acceptance of service was indorsed after the filing stamp of the clerk of the district court had been placed on it, and, pursuant to the express directions of counsel for appellant, forwarded it to the clerk of this court. The only notice of appeal, which was filed with the clerk of the district court, was that upon which acceptance of service was indorsed by counsel for appellant, acting pursuant to the alleged oral agreement with counsel for appellee.

Counsel for appellee challenge the affidavits of counsel for appellant with counter-affidavits and the attorney, with whom it is alleged the oral agreement was made, states under oath: "I have never authorized opposing counsel in any case to accept service of notice of appeal and I specifically state that I never gave any such authority * * * with respect to the case at bar."

Counsel for appellant contend that it is necessary for us to decide a disputed question of fact, to wit: Whether or not an oral agreement was entered into pursuant to which counsel for appellant were authorized to sign the firm name of counsel

for appellee accepting service of the notice of appeal. Counsel are mistaken. We cannot and do not determine the credibility of the affiants.

Paragraph 2 of section 10922 of the Code, 1939, provides as follows:

"10922 Authority. An attorney and counselor has power to: * * *

"2. Bind his client to any agreement, in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court."

The foregoing statute appears as section 1616 of the Code of 1851 and has not been changed at any time since the adoption of that Code. It has been repeatedly construed by this court. The following cases are illustrative: Hiller v. Landis, 44 Iowa 223, 224; Hardin v. Iowa Ry. & Const. Co., 78 Iowa 726, 727, 43 N. W. 543, 6 L. R. A. 52; Riegelman v. Todd, 77 Iowa 696, 697, 42 N. W. 517; Preston v. Hale, 65 Iowa 409, 410, 21 N. W. 701; Doerr v. Southwestern Mut. Life Assn., 92 Iowa 39, 42, 60 N. W. 225, 226; Searles v. Lux, 86 Iowa 61, 65, 52 N. W. 327, 328; Taylor v. Chicago, M. & St. P. Ry., 80 Iowa 431, 433, 46 N. W. 64; Barnes v. Ennenga, 53 Iowa 497, 498, 5 N. W. 597; State v. Stewart, 74 Iowa 336, 339, 37 N. W. 400, 402; Borland v. Chicago, M. & St. P. Ry., 78 Iowa 94, 95, 42 N. W. 590; Council Bluffs L. & T. Co. v. Jennings, 81 Iowa 470, 475, 46 N. W. 1006, 1007; Baily v. Birkhofer, 123 Iowa 59, 62, 98 N. W. 594, 595.

In the case of Riegelman v. Todd, 77 Iowa 696, 697, 42 N. W. 517, 518, we state: "Appellants have filed a motion to strike from the files the additional abstract, on the ground that it was verbally agreed between the attorneys of the respective parties that a transcript should be waived, and the cause submitted in this court on the abstract of appellants. Affidavits of attorneys for appellants are submitted in support of the motion. The alleged agreement is denied by appellees, and cannot be established in the manner proposed. Code, sec. 213 (2). The motion to strike will therefore be overruled."

In the case of Preston v. Hale, 65 Iowa 409, 410, 21 N. W. 701, we state: "The appellants file affidavits tending to show that the appellee agreed to an abstract of the evidence, and virtually agreed to waive the certification of the evidence; and, while this is denied by the appellee, we are inclined to think that according to a preponderance of the evidence such is the fact. We are precluded, however, by statute from finding such fact upon affidavits as the only evidence."

In the case of Doerr v. Southwestern Mut. Life Assn., 92 Iowa 39, 42, 60 N. W. 225, 226, we state: "It is also claimed by defendant, and it supports its contention by affidavit, that the abstract which states that notice of appeal was duly served was an agreed abstract, and that plaintiff can not be now heard to object to the notice. The defendant's abstract does not purport to be agreed to by plaintiff or his attorneys, and the agreement, if any, is attempted to be shown by the affidavits of one of the defendant's attorneys. An agreement between attorneys can not be established in this way (Code, section 213); hence there is no force in this position."

In the case of Searles v. Lux, 86 Iowa 61, 65, 52 N. W. 327, 328, we state: "There is an affidavit by the attorney for the plaintiff, to the effect that he orally agreed with the attorney for the defendants in the several cases to submit them together, and the agreement led to the preparation of the abstract as it is. There is no counter showing, and such an affidavit cannot be considered. The only evidence receivable to show such an agreement to bind a client is the statement of the attorney himself, his written agreement, or an entry of record. Code, section 213, subd. 2."

In the case of Taylor v. Chicago, M. & St. P. Ry., 80 Iowa 431, 433, 46 N. W. 64, we state: "The appellant's statement shows that there were subsequent agreements extending the time. This court will not go into investigations to determine what agreements have been made by counsel. Such agreements will only be recognized when admitted or stated in writing, signed by counsel, and filed in the case."

By reason of the foregoing pronouncements, we must disregard the affidavits submitted by counsel for appellant, wherein they seek to establish an agreement with counsel for

appellee authorizing counsel for appellant to endorse the firm name of counsel for appellee on an acceptance of service of the notice of appeal and must consider as a verity appellee's denial of any authority to accept service on the notice of appeal by anyone other than themselves. With the facts so established, the only notice of appeal upon which there was a valid acceptance of service was filed with the clerk of this court. This does not constitute compliance with the requirements of section 12837, which provides that the notice shall be filed "with the clerk of the court wherein the proceedings were had". The notice of appeal which was filed with the clerk of the district court wherein the proceedings were had, was not served as required by statute. It must be disregarded by us. Accordingly, the appeal was not legally perfected. Bates v. Adel State Bank, 222 Iowa 1323, 1327, 271 N. W. 638, 640; Hampton v. Des Moines & C. I. Ry. Co., 216 Iowa 640, 642, 249 N. W. 436; Educational Film Exch. v. Thornburg, 217 Iowa 178, 251 N. W. 66.

Appellant contends, however, that the notice of appeal, which was filed with the clerk of this court, was sufficient to perfect the appeal. There is no merit in this contention.

As heretofore stated, this notice of appeal was in proper form and was signed by counsel for appellant. It was stamped filed by the clerk of the district court and had attached to it the following certificate: "The above and foregoing Notice of Appeal, with return of service endorsed thereon, is hereby filed in my office this 28th day of February, 1940. C. T. Hull, Clerk of the District Court in and for Lee County, Iowa, at Keokuk, by H. H. Brown, Deputy."

However, whereas the notice shows that it was filed on February 28, 1940, the acceptance of service is dated February 29, 1940, and was made subject to the following condition: "The following certificate of the clerk of the District Court of Lee County, Iowa, was on the notice previous to the time of our acceptance, and is this 29th day of Feby 1940 transmitted to the clerk of the Supreme Court by request of Robert H. Walker."

The affidavits of counsel for appellant concede that there was no acceptance of service on this notice when it was filed with the clerk of the district court and, when the deputy clerk executed his certificate, the facts there certified did not exist.

In Hampton v. Des Moines & C. I. Ry. Co., 216 Iowa 640, 642, 249 N. W. 436, 437, we state: "In other words, as the law now exists, to take and perfect an appeal to this court, two things are required: First, the service of a written notice on the adverse party, his agent, or attorney; and, second, filing such notice with return of service indorsed thereon with the clerk of the court."

Section 12837 of the Code, 1939, provides that the notice be filed "with the clerk of the court wherein the proceedings were had". Filing the notice with the clerk of this court does not meet such requirement. Bates v. Adel State Bank, 222 Iowa 1323, 271 N. W. 638.

The notice of appeal that was actually served had not been served when it was filed with the clerk of the district court and, after it was served, it was filed with the clerk of this court and not with the clerk of the district court. The statute is plain and unambiguous. It must be complied with to give this court jurisdiction of the appeal. It was not complied with. The appeal was not perfected. The motion to dismiss is sustained.—Appeal dismissed.

SAGER, STIGER, MITCHELL, BLISS, WENNERSTRUM, and GARFIELD, JJ., concur.

HALE, C. J., takes no part.