The State v. Craig.

5. ——:——:—— affidavit by attorney.

---

THE STATE v. CRAIG.

1. **Criminal Law:** WITNESSES: FILING OF TESTIMONY GIVEN BEFORE GRAND JURY: ENTRY IN APPEARANCE DOCKET. Minutes of testimony taken before the grand jury, not being "pleadings," are not required by section 200 of the Code to be entered in the appearance docket; and, though they are required to be filed in the case, they are sufficiently filed when delivered to the clerk to be kept as a part of the record, and such filing need not be evidenced by the clerk's signature endorsed thereon, though such endorsement is always advisable. (See opinion for citations.) Consequently, the want of the memorandum in the appearance docket, and of the clerk's signature to the filing, does not bar the state from calling the witnesses on the trial of the indictment.

The State v. Craig.

2. ———: WITNESSES NOT NAMED IN INDICTMENT. It is not error to allow the state to examine witnesses who have testified before the grand jury, and whose testimony has been returned with the indictment, though their names have not been endorsed on the indictment,—where the indictment is not assailed on account of the failure to make such endorsement. (See *State v. Fowler*, 52 Iowa, 103, and *State v. Flynn*, 42 Iowa, 164.)

3. ———: WITNESSES NOT BEFORE GRAND JURY: EXAMINATION ON NOTICE: LIMITATIONS. Where a witness not before the grand jury is introduced by the state upon notice to the defendant, under Code, section 4421, stating what the state will prove by him, it is not limited in its examination of him to the matters named in the notice. (See opinion for citations.)

4. ———: WITNESSES: WRONG INITIALS ON INDICTMENT: ERROR CURED. T. B. R. was examined as a witness on the allegations of one count only of the indictment. His name was not on the indictment, but the name "Burr R." was. *Held* that whatever error there was in this was cured by the court's direction to find for the defendant on the count to which the testimony of the witness related.

5. ———: MISCONDUCT OF JUROR DURING ADJOURNMENT: NO GROUND FOR REVERSAL. The fact that a juryman in a criminal case, pending the trial, and during an adjournment of the court, violates the orders of the court, and is guilty of reprehensible conduct in talking to another about the case, is no ground for a reversal of a judgment of guilty, where the whole tenor of the conversation, so far as shown, is in defendant's favor.

*Appeal from Henry District Court.*—HON. CHAS. D. LEGGETT, Judge.

FILED, OCTOBER 24, 1889.

INDICTMENT for selling intoxicating liquors in violation of law. From a judgment of conviction the defendant appeals.

*R. Ambler & Son*, for appellant.

*John Y. Stone*, Attorney General, and *A. W. Kinkead*, for the State.

GRANGER, J.— The indictment contains several counts, and each count charges the sales as having been made by one Elijah Stearns, as agent for the defendant,

The State v. Craig.

and each count also charges the sales to some particular person, and several errors are assigned as to the proceedings in the district court.

I.  Complaint is made that, of the witnesses used by the state who were examined before the grand jury, some were used without their testimony having been filed in the case, and no statement of the filing of such minutes was entered on the appearance docket. The minutes of the testimony of such witnesses were delivered to the clerk with the indictment, and kept there as a part of the record. These minutes of testimony bore, as evidence of the filing, a stamp impression with the name of the clerk, designation of office as "Clerk, Henry county, Iowa," and over the signature and date were the words "Clerk of district court," and the word "Filed." The minutes in the appearance docket show the filing of the indictment, but contain no reference to the minutes of the testimony. The points made in argument are : *First*, that the filing should show the signature of the clerk of the district court, and, *second*, that the filing should be evidenced by an entry on the appearance docket. As to the first point, we can say on authority that the testimony was filed when delivered to the clerk to be kept as a part of the record, and such filing need not be evidenced by an endorsement. While the endorsement is advisable, it is not absolutely required. *State v. Briggs*, 68 Iowa, 416; *State v. Guisenhause*, 20 Iowa, 227. As to the second point, counsel for appellant have not favored us with their reasoning or a reference to authorities; and our reflections lead us to consider the effect of section 200 of the Code, where there is a failure to make a memorandum in the appearance docket of the filing of such a paper. It must be conceded that the language of the section is broad enough to require the memorandum of the filing of the minutes of the testimony, as, after specifying pleadings and motions, it has the words, "or paper of any other description in the cause;" and then we have the words, "and no pleading of any

*1. CRIMINAL law: witnesses: filing of testimony given before grand jury: entry in appearance docket.*

description shall be considered as filed in the cause * * * until the said memorandum is made." The minutes of the testimony are not a pleading of any description. Code, sec. 2645. This point in the case is controlled by the holdings in *Byington v. Moore*, 62 Iowa, 470, and *Royer v. Foster*, 62 Iowa, 321. The failure to make the memorandum in the appearance docket does not deprive the state of the use of the witnesses examined before the grand jury, where the minutes are filed with the clerk.

II. Certain witnesses whose names do not appear on the indictment were examined in the trial for the state, and appellant urges the point as error. The minutes of their testimony were returned by the grand jury with the indictment. The indictment was not assailed because of this defect. It was not error to permit the examination of the witnesses. *State v. Fowler*, 52 Iowa, 103; *State v. Flynn*, 42 Iowa, 164.

2. ——: witnesses not named in indictment.

III. The state, desiring to use a witness not examined before the grand jury, served notice, under the provisions of Code, section 4421, that it would introduce one Broadwell, and prove by him that he saw Stearns pay over to defendant money in the Brazelton House, etc. Afterwards the state recalled the witness, and examined him as to receiving beer and whiskey from defendant; and defendant urges that the state should have been confined in the examination to the subject-matter of the notice. When such a witness is to be used, the law requires that, among other things, the defendant shall have notice in writing of the substance of what the state expects to prove by him; and we are not advised of a different object of such a notice than for the minutes of the testimony to be filed where the witness is examined before the grand jury. In the latter case the law requires "the minutes * * * of the evidence given before it" to be taken and presented with the indictment to the court, and to be kept as a record. Code, secs. 4275, 4293. In such a case the state is not

3. ——: witnesses not before grand jury; examination on notice: limitations.

limited in its examination to the points that appear in the reported minutes of the evidence, but may examine as to other material matters. *State v. McCoy*, 20 Iowa, 262; *State v. Ostrander*, 18 Iowa, 435; *State v. Bowers*, 17 Iowa, 46. We see no reason why these authorities should not control the question under consideration, and, following them, we think the court did not err in admitting the testimony.

IV. One T. B. Ross was examined as a witness for the state. The name "Burr Ross" was on the indictment, but not T. B. Ross. One count of the indictment charged sales to Burr Ross, and the testimony of T. B. Ross was as to that count of the indictment, and no other. The court afterwards instructed the jury to find for defendant on that count, which was done, and there could be no prejudicial error from such a state of facts.

4. ——: witnesses: wrong initials on indictment: error cured.

V. W. S. Browning was one of the jurors who tried the indictment, and as to him George W. Fluke filed his affidavit as follows: "That during the time said cause was on trial, and while it was in progress of trial, on Saturday night, November 12, 1887, at the Grand Opera House in Mt. Pleasant, Henry county, Iowa, I had a conversation with said Browning relating to said above-named case, then on trial before a jury. I am informed said Browning was a member of said jury. That in said conversation said Browning said to me that there had been examined several witnesses, and that as yet there was nothing said against defendant Craig. That witnesses had testified that they had got something to drink up there at the Brazelton House, but that they had not got it from defendant Craig. That said juryman, W. S. Browning, and myself conversed for some moments on the subject of said trial then pending." This conduct of the juror is a ground of complaint by the defendant. That such conduct is reprehensible, and should promptly meet with reproof by the court whose orders are violated, admits of no doubt; but that the

5. ——: misconduct of juror during adjournment: no ground for reversal.

facts furnish no reasonable grounds of complaint by the defendant we think very clear. If the remarks had a tendency to commit the juror to any view of the case, it was favorable to the defendant. It is said in argument that "even the look or gestures may have had sufficient weight, unconsciously, to turn the mind either to the right or the left." In view of the facts as they appear from the affidavit, we regard such an apprehension more fanciful than real.

VI. No specific complaint is made as to the instructions given or refused, and with our examination of the record we think the case was fairly submitted, and of the guilt of the defendant there is little room for doubt.                                    AFFIRMED.