CHARLES JOHNSON, v. T. J. BERDO, Appellant.

**Pleadings:** SETTLEMENT OF ACCOUNT: BURDEN OF PROOF.  In an action for an accounting a defendant pleading a general settlement has the burden of proof on that issue.

**Same.**  A general denial of the settlement of an action will not permit proof of fraud or mutual mistake in the settlement; the fraud or errors relied upon must be pointed out, and the party seeking to avoid the settlement has the burden of proof.

**Pleadings:** FILING.  A pleading will not be considered filed until a memoranda of the date of filing has been entered in the appearance docket, although the cause may have been tried to a referee; and any ruling based upon a pleading not so filed is erroneous.

*Appeal from Washington District Court.*— HON. B. W. PRESTON, Judge.

TUESDAY, MARCH 13, 1906.

REHEARING DENIED THURSDAY, SEPTEMBER 27, 1906.

SUIT for an accounting.   There was a finding and judgment in favor of the plaintiff.   The defendant appeals.— *Reversed.*

*H. M. Eicher,* for appellant.

*J. J. Kellogg* and *Henderson & Thorne,* for appellee.

LADD, J.— The plaintiff was a tenant on defendant's farm for three years, commencing March 1, 1896.   The rent was payable in cash, and payments·had been made at different times during the term; but no settlement was had prior to March 1, 1899.   On that day plaintiff was about to remove his property from the premises, and was notified by defendant's agent that he must settle before doing so.   Thereupon the parties met at the office of Squire Rogers, and upon his computation there was found to be due defendant $554.84, which plaintiff paid, and received from Rogers a receipt in full.   Thereafter he submitted the papers and Rogers' figures to another, who, it is said, discovered errors in the computation, in that interest had been computed on certain rent notes from their date, instead from maturity; also that some items had been omitted.   They consulted defendant with reference to a correction, which he refused, as he explained, owing to all papers had at the settlement not being produced, but, as told by plaintiff, for that he had the money and would keep it.   Thereupon this action was begun.   Owing to circumstances unnecessary to relate, it was not brought on for hearing before a referee duly appointed for that purpose until October 15, 1903.   He found that there had been a settlement between the parties, but that through mutual mistake and oversight interest had been computed on certain rent notes from date, instead of from maturity, and that two items, one of $90 and another of $37.50, had not been credited the plaintiff, and recommended that judgment be entered for $174.80, with interest at 6 per cent. per annum from March 1, 1899.   The evidence was in sharp conflict, but the district court confirmed the report, and rendered judgment accordingly.

I. The first step in the consideration of a case, either at *nisi pruis* or upon appeal, when the hearing is *de novo,* is to ascertain the precise issues to be decided.   In that before us the petition asked for an accounting.   The answer, among other things, alleged a general settlement.   This was an

affirmative defense, to establish which the burden of proof
was on the defendant. *Grove v. Bush,* 86
Iowa, 94. The reply was a general denial.
This merely put in issue the fact of there
having been a settlement such as alleged. If there was· a
general settlement between the parties, it is presumed to have
included all matters of difference and in controversy between
them. *Tank v. Rohweder,* 98 Iowa, 154; *Watson Coal, etc.,
Co. v. James,* 72 Iowa, 184.

*1. PLEADINGS: settlement of account: burden of proof.*

But, under this general issue, evidence assailing the
validity or accuracy of the settlement was not admissible.
To impeach a settlement because of errors having occurred
through mutual mistake or on the ground of
fraud, these matters must be distinctly al-
leged, 8 Cyc. 523. Or, as said in *Hunter v. Aldrich,* 52
Iowa, 442, particular errors must be stated and proved.
*Thompson v. Maxwell,* 74 Iowa, 416; *Stomne v. Hanford
Produce Co.,* 108 Iowa, 137. And the burden of proof is on
the party thus seeking to avoid the effect of a settlement.
*Tank v. Rohweder,* 98 Iowa, 154. If, then, there· were no
averments of mistake or fraud in the settlement contained
in the pleadings, these were not proper matters for consider-
ation by the referee or district court.

*2. SAME.*

II. In what is designated a supplemental abstract, an
amendment to the petition is set out, averring certain errors
and omissions in the settlement resulted from mutual mis-
take, and that it was filed in December, 1904,
to conform the pleadings to the proof. The
motion to strike this additional abstract is without merit.
The delay in filing it cannot have worked any prejudice.
But appellant denies its contents, and says that no such
pleading was filed or is a part of the record. This denial was
sustained by the record, showing that this amendment was
not marked as filed, and no memorandum concerning it was
ever entered in the appearance docket. No doubt an amend-
ment to the petition, and in response thereto an amendment to

*3. PLEADINGS: filing.*

the answer, were prepared and were presented to the referee December 5, 1904; but they were never filed with the clerk of the district court, nor noted as filed on the appearance docket, and for this reason did not become a part of the record in the case. Section 291 of the Code provides that "no pleading of any description shall be considered as filed in the cause or taken from the clerk's office until a memorandum of the date of filing thereof is made in the appearance docket." In the absence of such a memorandum, the court cannot consider the pleading as filed. *Padden v. Moore,* 58 Iowa, 703; *Nickson v. Blair,* 59 Iowa, 531; *Winkleman v. Winkleman,* 79 Iowa, 319. That the cause was heard before a referee can make no difference. Such officer merely stands in place of the court, and has no more authority than a judge to file papers. Section 3738, Code. The statute points out how pleadings shall be filed, and the requirement was decided in the cited cases to be mandatory. Nor can it be said that the trial proceeded on the theory that these matters were in issue. Appropriate objections were made to all evidence introduced bearing thereon, and the purported amendments were not presented until after both parties had rested, though leave was subsequently granted to introduce additional testimony. Possibly the referee treated them as filed. His findings so indicate. If he did so, it was error, and the district court should have sustained objections lodged by appellant against the findings of error in the settlement as "not justified by the pleadings."

III. The referee found that there had been a settlement. The district court approved this finding. If correct, the petition should have been dismissed. A careful examination of the record has convinced us that the parties did have a settlement in Squire Rogers' office, which both supposed to be in full of all demands of the one against the other. Unfortunately the justice and Dodds, who was with plaintiff when the amount ascertained was paid, died before the hearing. Plaintiff testified that in handing the money to the

justice he advised him that he did so as temporary security, and that the justice replied that any errors discovered would be corrected. Vincent was present, but does not recall this remark. Even if Baily and defendant are mistaken about being there at that time, they may have come in before plaintiff left; and they as well as Vincent, testify that both plaintiff and defendant assented that the payment was in full settlement of the accounts between them. Some weight should be given to the referee's conclusion to the same effect, as he heard the witnesses testify. The finding that there was a full settlement of mutual accounts between the parties is sustained by the evidence, and the petition should have been dismissed.— *Reversed.*