CHESTER SLOANAKER, Appellee, v. W. R. HOWERTON,
Appellant.

PLEADING:   Exhibits—Division into Counts—More Specific State-
1   ments.   Exhibits which represent the state of the account be-
tween parties who join in a prayer for an accounting, and
which are already reasonably definite and certain, in connec-
tion with other pleadings in the cause, need not be divided into
so-called counts, or otherwise made more specific.

PLEADING:   Counterclaim—Reply Not Constituting Counterclaim.
2   A reply does not constitute a counterclaim when the prayer
thereof asks no relief beyond what would be due to the plain-
tiff, under the petition and answer, if plaintiff prevails.

PLEADING:   Motions—Motion to Strike Pleading Good in Part.   A
3   motion to strike a pleading *in toto* is properly overruled when
*part* of the pleading is proper.

APPEAL AND ERROR:   Abstracts—Correction—Presumption.   Ap-'
4   pellee's specific correction of appellant's abstract will be con-'
clusively presumed to be correct, *in the absence of a certifica-
tion of the record*.   In other words, it is futile for an appel-
lant to file a simple denial of the truth of appellee's correction.

PLEADING:   Motions—Second Motion to Unamended Pleading.   A
5   second motion to an unamended pleading is not allowable.

PLEADING:   Form and Allegation in General—Inconsistent Attitude.
6   A pleader, in an attack upon his adversary's pleading, may not
assert that such pleading (a) does constitute a counterclaim,
and (b) does *not* constitute a counterclaim, and then base a
right in himself on the assertion that it does, in fact, consti-
tute a counterclaim.

PLEADING:   Motions—Motion to Strike—Waiver.   Rulings on a
7   motion are waived by the subsequent filing of a demurrer which
repeats the objections raised by the said motion.

APPEAL AND ERROR:   Harmless Error—Failure to Rule on Bad
8   Demurrer.   No prejudicial error results from failure to rule on
a demurrer when, had a ruling been had, the demurrer must
have been overruled.

PLEADING:   Demurrer—Reply Based on Account or Writing.   A
9   reply which joins in the prayer of the answer for an account-
ing, and which sets forth the basis for the accounting in the
form of a continuous current account, relative to certain prom-

issory notes, etc., and which, if established, would be in avoidance of defendant's counterclaim, is not demurrable on the theory that the said reply was founded on an account or writing as evidence of indebtedness.

**PLEADING:** Motions—More Specific Statement—Pleading Evidence. A motion to make a pleading more specific will not lie to obtain the setting out of matters of evidence. Semble, a demurrer.

**APPEAL AND ERROR:** Who May Allege Error—Proceeding to Trial Without Ruling. Proceeding to trial without ruling, or request therefor, on a pending demurrer, works a waiver of the demurrer.

**PLEADING:** Demurrer—Demurrer before Referee—When "Filed." A demurrer is not legally before a referee until the proper memorandum is made on the appearance docket.

**LIMITATION OF ACTIONS:** Pleading—Necessity—Amending Counterclaim to Meet Reply. An answering counterclaimant who, upon the filing of his adversary's reply, discovers for the first time that certain *barred* matters are, or will be, urged to offset his counterclaim, has an open door to meet the imperative necessity to plead the statute of limitation, *by amendment to his counterclaim.*

**COURTS:** Judges—Jurisdiction. Judges, within their districts, have ample power to dispose of unfinished business, without direction of the judge who regularly holds the term. So held in passing on the report of a referee. (Sec. 241, Code, 1897).

**JUDGES:** Disqualification—Attorney for Litigant. Record reviewed, and held wholly insufficient to show that the presiding judge was attorney for one of the litigants.

**APPEAL AND ERROR:** Abstracts—Incorporation of Foreign Abstract by Reference—Effect. The only method of presenting to the appellate court an abstract in a cause other than the one on trial, is to make due offer, presentation, or introduction of the same in the trial court. Incorporating a foreign abstract by mere reference thereto in the actual trial abstract is a futile procedure.

**REFERENCE:** Report and Findings—Exceptions Involving Evidence—Refusal of Time to Transcribe Notes—Effect. Passing on reports of referees must be judicial, not perfunctory. It follows that he who enters exceptions to a report, which exceptions necessarily require a consideration of the evidence, has a

legal right to a reasonable time in which to cause the short-hand notes to be transcribed.

**APPEAL AND ERROR:** Review—Presumption—Negativing Presumption of Prejudice. He who suffers an error from which the law presumes prejudice need only carry to the appellate court such part of the record as shows the error. In other words, he need not produce all other parts of the record, and demonstrate therefrom that nothing therein contained overthrows the presumption. *When the law presumes prejudice, it does not compel the victim to show that the presumption continues.*

PRINCIPLE APPLIED: A cause involving the mutual accounts of the parties came on for hearing before the court on the report of the referee. Defendant filed exceptions to the report. These exceptions were such that they necessarily required a consideration of the evidence. Defendant requested a reasonable time in which to transcribe the 250 pages of short-hand notes. The request was denied, and, without consideration of the evidence, the court approved the report. Defendant appealed from the decree and attending rulings, *but did not embody in the abstract the testimony taken before the referee*, nor did the appellee bring forward such testimony by amendment to the abstract.

*Held*, (1) the denial of reasonable time in which to get the evidence before the court was, presumptively, prejudicial error, and (2), if the evidence taken before the referee would have demonstrated the non-prejudicial nature of said erroneous ruling, it was the duty of *appellee* to produce it.

*Appeal from Jasper District Court.*— HENRY SILWOLD, Judge.

JANUARY 12, 1918.

PLAINTIFF brought suit on notes executed by the defendant. An equitable counterclaim being interposed, the cause was transferred to equity, and sent to a referee. He found for the plaintiff. The appeal presents exceptions to some of the findings of the referee, a complaint that the referee wrongfully refused to consider a demurrer, a charge that the trial judge was disqualified, and a further complaint that it

was error to refuse granting a reasonable time to obtain a translation of the shorthand report of the testimony before the referee, so that such testimony could be used in passing upon exceptions to his report, and in determining what final decree should be.

*Liston M'Millen,* for appellant.

*Morgan & Korf,* for appellee.

SALINGER, J.—I. The appellant moved to

1. PLEADING: exhibits: division into counts: more specific statements.

strike, to divide, and to make more specific the reply filed by plaintiff. Plaintiff, appellee, brought suit on notes executed by defendant. Defendant interposed equitable counterclaims, which, roughly stated, amount to asserting that the notes had been paid; or, if not paid, that plaintiff had trust funds in his hands which should have been applied to payment and if applied would have effectuated it; and that instead, he has appropriated said trust funds to his own use. An accounting was prayed. Plaintiff replied by joining in the request for an accounting, and he attaches to his reply an exhibit which he claimed to be an itemized statement of the dealings between the parties concerning the notes sued on. Thereupon, defendant moved that the exhibit in question be divided into separate counts, because the matters found in same are disconnected, and that plaintiff be required to set out copies of all notes referred to in said exhibit. Complaint is made because this motion was denied. An examination of the exhibit shows that its matters are not disconnected; that it sets out a continuous running account; and that most, if not all, notes referred to therein are so described as to make it plain the reference is to the notes sued on by plaintiff, and which are copied in the petition. The referee found the exhibit was an open, continuous account. We do not think it material that the reply does not plead that the exhibit was such account, and are of opinion

that the ruling refusing to have this exhibit separated into counts and to have all notes therein referred to set out by copy, was right.

II. The reply had a prayer which, by

**2. PLEADING: counterclaim: reply not constituting counterclaim.**

what is therein stated and referred to, asks an accounting; that, upon what may be found due plaintiff on such accounting, he be given a special lien upon property held by him for defendant as security for defendant's indebtedness; that said lien be foreclosed and enforced; that the time of redemption, if any, be fixed, and that defendant be permanently restrained from bringing further suits against plaintiff on the matters involved in the present suit; and for general equitable relief, including judgment upon the notes sued upon.

The motion to which we have already spoken asked that the prayer of this reply be stricken, on the ground that a counterclaim is not admissible in a reply. The paper filed by the plaintiff is denominated a reply. Nowhere in it may the word "counterclaim" be found. That, of course, is not decisive. All this might be so, and the pleading still be a counterclaim. But it would require such allegation and an apt prayer to constitute a counterclaim; and the prayer of the reply seeks nothing which, upon the petition and the answer, would not be obtainable by plaintiff if he prevailed, though he made no attempt to interpose a counterclaim. In so far as the motion is based upon the assumption that the reply is in fact a counterclaim, the premise fails.

**3. PLEADING: motions: motion to strike pleading good in part.**

If that were not so, the sole aim of the motion is to have the prayer stricken out *in toto.* Waiving all else, that prayer contained matter which should not be stricken, and for this reason alone, the motion in this respect was rightly overruled. It was not for the court to reframe the motion. It had to be dealt with as presented,

and all that could be done was to either grant it or deny it; and it was right to deny it. See *Mitchell v. Beck,* 178 Iowa 786.

### 2-a

Appellee's abstract asserts that line 10 of page 45 of appellant's abstract should be corrected by adding the word "second." With this change, the recital in the original abstract reads that the cause came on for hearing on defendant's *second* motion to strike and to divide, etc. Appellant asserts that the motion was not a second motion; that "no other motion is set out in either abstract;" that, while it is true "that appellant's abstract speaks of some other motion, it is specifically denied in appellant's reply abstract that there was any other motion." Appellant has not obtained a certification. But it has filed an abstract "in rebuttal of appellee's abstract." It is a denial of the truth of certain specified lines in an abstract filed by appellee. The paper is of no efficacy, under the rules. The only method of challenging an appellee's abstract is to have a certification of so much of the record as will settle the conflict. The cause must be heard here on the abstract of the appellant, as modified by the denial and additional abstract filed by appellee. It follows we must treat the motion as a second motion, which fact alone sustains its overruling. Code, Section 3551; *Riddle v. Backus,* 36 Iowa 430.

III. A demurrer was interposed, which presented, among other things, the points made in the overruled motion. It is quite difficult to ascertain exactly the time at which this demurrer was filed, but the whole record makes it fairly plain it was done after the motion had been overruled. The complaint of overruling the motion

4. APPEAL AND ERROR: abstracts: correction: presumption.

5. PLEADING: motions: second motion to unamended pleading.

6. PLEADING: form and allegation in general: inconsistent attitude.

is renewed by an assignment that it was error not to sustain this demurrer.

7. PLEADING:
motions: motion to strike:
waiver.

It should be noted in passing that this demurrer asserts that the reply states no facts sufficient to constitute a counterclaim. Appellant may not take this position in the same litigation, and then assert therein any rights based upon the claim that the paper *is* a counterclaim. See Bigelow on Estoppel (6th Ed.), 783 and cases cited, and page 788. And the very fact that the demurrer was presented after the motion had been overruled would operate once more as a waiver of the ruling on the motion. Be that as it may, the trial judge never ruled on the demurrer,—he was not requested to; and no exception was taken to his failing to rule; and so no basis for reversal on this head is created.

8. APPEAL AND
ERROR: harmless error:
failure to rule
on bad demurrer.

IV. When the cause reached the referee, said demurrer was pending, but undecided. The appellant called same up before the referee, and he refused to pass upon it, on the ground that he had no jurisdiction. One complaint here is that this was an error for which the trial court should have sustained exception and motion, and it is now said that both the referee and the court erred. The reference was not general. The cause was sent to the referee "on the ground that the issues involved a settlement of mutual accounts." Despite that limitation, it is possible that, by analogy, the decision in *Poitevin v. Binnall*, 148 Iowa 249, empowered the referee to rule upon this demurrer. Whether this is so need not be decided here; because, even if the referee erred in not ruling, the error is harmless, because, had he ruled, he should have overruled. We have already given some reasons for this position. We have to add

we cannot agree that Section 3561 of the Code makes this demurrer good. Par. 6 thereof provides that defendant may demur to the petition where it appears on its face that it is "founded on an account or writing as evidence of the indebtedness [and] that neither such writing or account or copy thereof is incorporated into or attached to the pleading, or a sufficient reason stated for not doing so." Whatever may be said of the petition, the *reply* was not founded on an account or writing as evidence of indebtedness. The exhibit attached to it gave simply the basis for a claimed accounting, which both answer and reply requested; it presented merely what, in a sense, were the ultimate facts showing why the counterclaim of defendant was unfounded, or left the claim of plaintiff unaffected. In fact, the exhibit shows on its face a credit balance of $20.20 in favor of appellant, and the referee added $2,098.72. This would seem to settle that the *exhibit* did not make a claim that defendant was indebted to plaintiff.

9. PLEADING: demurrer: reply based on account or writing.

It was the defendant who interposed a counterclaim, and, as a reply is the only method of meeting a counterclaim, the reply was, of course, an admissible pleading. Code Sections 3576, 3577, 3578. Nothing said in *Hunt v. Johnston,* 105 Iowa 311, is to the contrary. The most motion or demurrer did was to demand that evidence should be pleaded. That is to say, when the accounting was entered upon, the notes referred to in the exhibit would become evidentiary matter. And a motion to make a pleading more specific will not lie to obtain the setting out of matters of evidence. *Barnes v. Savings Bank,* 149 Iowa 367.

10. PLEADING: motions: more specific statement: pleading evidence.

Semble, a demurrer. And where a demurrer was filed before the motion for reference was passed upon, and not ruled on, and defendant filed a demurrer to the reply with the referee after the trial was begun, going to

11. APPEAL AND ERROR: who may allege error: proceeding to trial without ruling.

trial was a waiver of the demurrer first filed, and the second demurrer could not be effectively filed after the first one. See *Johnson v. Berdo,* 131 Iowa 524.   Again, a demurrer is not "filed" until a memorandum thereof is made in the appearance docket, and this is so of a demurrer upon which a referee is asked to rule.  *Richey v. Rowland,* 130 Iowa 524.   So it could not be error not to rule upon one not so filed.

12. PLEADING : demurrer : demurrer before referee : when "filed."

V. Appellant claims that, though his answer and counterclaim was verified, and the reply thereto was not, yet the court refused to strike the reply for want of verification.   It is a sufficient answer that the amendment to abstract filed by appellee shows that the reply was verified.

VI. As to the pleas in abatement.   The referee found specifically that Korf was not a necessary party, and had no interest.   Korf stated in open court he had none in the notes sued upon.  And the evidence is not before us.   There is no error on this head.

VII. As to the complaint that the referee disobeyed the order of the court in failing to report the facts, especially as to the item set forth in Exhibit "A," it appears that the eleventh finding by the referee finds specifically "That the statement of account as set out in Exhibit 'A' attached to plaintiff's reply, and each and every item thereof of credit and debit is correct, and the same is allowed except as follows:"   Then follows a modification of items.

7-a

It is said the report of the referee "is no report at all within the meaning of the law so far as Exhibit 'A' of the reply is concerned;" that, if that exhibit is to be considered at all, the referee should have stated "the open account between the parties and set forth the fact constituting it an open account;" that exception was taken to the report on this ground and overruled, as was motion for new trial

based on the same ground; and it is urged that, therefore, the cause should be reversed. The contention does not require elaborate discussion. We are satisfied it is not well taken.

VIII. Appellant asserts that, in his conclusion of law, the referee adduces and manifestly attaches importance to the fact that the appellant did not plead the statute of limitations. He says that fact is immaterial, because there is no provision of statute for a reply to a reply; that he could not plead payment or any other defense to that counterclaim. He did not need to, because there was no counterclaim in the reply to plead to. As we gather it, appellant claims the court erred in not sustaining the exception to the report which presents that the referee erred in attaching importance to the fact that the statute of limitations has not been pleaded; that defendant could not plead it to Exhibit "A" of plaintiff's reply, nor to the first count of plaintiff's petition, because the note declared on in that count was not barred, though the note introduced in evidence was, and was objected to on that ground, because all the matters assigned to plaintiff by the First National Bank of Newton, and referred to in Exhibit "A," were barred by the statute of limitations; and that the referee refused to consider this fact because defendant had filed no plea of the statute.

*13. LIMITATION OF ACTIONS: pleading: necessity: amending counterclaim to meet reply.*

If the statute of limitations would have benefited plaintiff, had he interposed it to Exhibit "A" or anything else, he cannot have the benefit without pleading. To this rule we know of no exception. We do not see how plaintiff can have the benefit of the statute without such plea, even if this were a case wherein such plea were impossible; but we know of no reason why, after the reply was filed, the defendant could not have amended his own counterclaim, and therein set forth that defenses urged against such counterclaim were barred by the statute.

IX. In Division 3 of statement of errors

**14. COURTS: judges: jurisdiction.**

No. 2, it is said that, on the day the referee filed report, Honorable Henry Silwold appeared in the case as judge to pass upon the report; that it was the regular term of Judge Willcockson, and there was no apportionment of this case to Judge Silwold; and that defendant objected to his hearing the case, on the ground "that he was attorney for plaintiff," and asked that the case be assigned for hearing before Judge Willcockson.

Taking up the last first, we have to say that judges may hold the same term and apportion the business between them (Code Sec. 241); and one judge may dispose of any unfinished business of the term without directions of the judge who regularly holds the term (*State v. Jones,* 115 Iowa 113, at 120). The sole distinction which appellant urges is that, in the *Jones* case, the trial judge had a written direction from the regular judge, and the record below did not show any objection was made to the trial judge acting. This difference does not work that the acting of Judge Silwold was without or beyond authority.

The claim that the trial judge was dis-

**15. JUDGES: disqualification: attorney. for litigant.**

qualified because of interest is not verified, and the judge made a specific finding that the fact was not so. Appellant has no proof of his assertion, unless it be furnished in (a) an abstract filed in this court in a case other than the one now before us, in which the parties here were parties; or (b) by items found in Exhibit A, attached to plaintiff's reply.

The abstract in the instant case incor-

**16. APPEAL AND ERROR: abstracts: incorporation of foreign abstract by reference: effect.**

porates the one in said other case by reference, and the appellant asked that the record in the other case be considerel as though it were at hand and being offered. But a paper cannot be incorporated in a pleading by reference to it. If it is desired to show the court the con-

tents of a paper, it may be done by exhibiting it, or by aver-
ring the legal effect of its contents. *Hanover Ins. Co. v.
Brown,* (Md.) 39 Am. St. 386. No matter how valuable the
contents of that abstract might be to appellant, it is not
available to him. In *State v. Saling,* 177 Iowa 552, we held
that we do not take judicial notice of our own records in
another case, even where the opinion was introduced in
evidence below, if that opinion is not set out in the abstract
on appeal. We there approve *Enix v. Miller,* 54 Iowa 551, at
553, to the same effect, and in which it is said, "All the evi-
dence relied upon should be presented in the abstract."
Appellant says that, if he had incorporated the abstract in
the other case into the abstract on this appeal, he might
have been mulcted for having indulged in using that print-
ing. If the contents of that other abstract were material to
this controversy, no such punishment would have been in-
flicted. Be that as it may, we are not prepared to hold that
a statement to the trial court that the record in some other
case decided by this court is offered, where that record is
not in fact presented, to which is added a mere statement
in the abstract that the other abstract is made part thereof,
will send us to our files to investigate the contents of a
paper which the referee and the trial court were never per-
mitted to examine. And it would be unfair to the appellee.
Had the abstract been offered below, he might have changed
his lines of conduct and proof. As to the items in Exhibit
A: The first is of date December 20, 1907, and is, "Silwold,
Exam. Abst., $15.00." The second is of date April 2, 1910.
Preceding it is the item: "Apr. 2 Expense Waterloo $20.00;"
and then follows a blank for date line, and the words "Sil-
wold on 140 acres $163.29," the last being below the Water-
loo expense item. Of this, appellant says that "Sloanaker
claims credit for items paid to Silwold, and for which Sil-
wold allowed him credit in the instant case, notwithstand-
ing Exs. D and Y in the 163 Ia. case show that Howerton

paid Silwold's bill out of the proceeds of the Titus loan." It is added that "this connection with the situation explains the presence and prejudice in the mind of Judge Silwold that caused him to appear in this case as an interloping judge and take jurisdiction * * * and refusing to grant us a reasonable time to get a transcript of the shorthand notes, which consisted of 250 pages."

So far as reference is had to said other case as proof, we have already said that the other case cannot be considered. As for the items themselves, they prove nothing. Standing alone, they fail to show that the judge had any interest in the suit he tried, or was or had been the attorney of the plaintiff. See *Mitchell v. Beck,* 178 Iowa 786.

17. REFERENCE: report and findings: exceptions involving evidence: refusal of time to transcribe notes: effect.

X. On the day upon which the referee filed report, the appellant took numerous exceptions thereto. The consideration of many of them involved the evidence. The court passed upon the exceptions and confirmed the report, all on that same day. It heard no evidence, and, with the exception of a number of exhibits, the testimony before the referee was at this time in the form of a shorthand report, of some 250 pages. Appellant asked a reasonable time to have a translation of this report made. This was denied, and, as said, with the evidence in this condition, the court confirmed the report of the referee. The effect of it all was that the attacks upon the report were overruled, and a judgment for over $20,000 given, without a consideration of the evidence in the case, though resort to the evidence was necessary to a proper consideration of some of the exceptions.

18. APPEAL AND ERROR: review: presumption: negativing presumption of prejudice.

We think that the review of such a report is intended to be a judicial review, rather than a mere formality, and that a judicial passing upon the exceptions, and upon whether the report shall be confirmed, is a substantial right of exceptor's. This being

so, the refusal to grant a reasonable time to bring the evidence before the court was error, and from that error, prejudice is presumed. It is true that, notwithstanding the action of the court, the appellant had at least five months thereafter in which to obtain a translation, and that, if he had done this, he might now ask us to review the facts. It is also true that, upon such review, it might appear that the error in hearing the exceptions without the evidence was harmless, or that our decision might cure the harm. That is to say, had appellant put the evidence before us, the error of the trial court might appear to be without prejudice because we found upon the facts that its conclusions were right; or the harm might be nullified by our finding that the court erred in its conclusion, and that, notwithstanding its declination to consider the evidence, the appellant had lost nothing because we decided that he should prevail. But. while it is the rule that error will not avail *if* it appear that it is without prejudice, there is, of course, no rule that the presumption of prejudice from error is overcome because the party aggrieved *could* have done something which might rebut the presumption of prejudice. It suffices that he has not done it. If one against whom an error is committed, and who has a presumption that this was prejudicial, can still have no relief unless he make an affirmative showing that the error remains prejudicial, he might as well not have the presumption of prejudice from error. Here is no plea of tender as to which it must be shown that the tender was kept good. When the appellant shows error, by presumption, he shows prejudice. If the one erred against does nothing, and something may be done which will rebut the presumption of prejudice, it must be done by him for whom the error was committed. We are constrained to hold that it was error to refuse the appellant a reasonable time to obtain a translation, and for the court to overrule the exceptions and confirm the report without having before it

the evidence in the case, and that the presumption of error arising from this has not been rebutted. Wherefore, the decree of the trial court must be reversed and the cause remanded, with direction that the exceptions be reheard with the aid of a duly certified translation of said shorthand report.—*Reversed and remanded.*

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.