EDUCATIONAL FILM EXCHANGES, INC., Appellee, v. DON THORNBURG, Appellant.

No. 42344.

NOVEMBER 21, 1933.

Ray P. Scott, and Davis, McLaughlin & Hise, for appellant.

A. J. Myers, for appellee.

KINDIG, J.— On October 29, 1931, the Educational Film Exchanges of Iowa, Inc., the plaintiff-appellee commenced an action against the defendant-appellant, Don Thornburg, to recover from him $814.56, with interest, as the balance due on a contract. Thereafter the municipal court, on November 10, 1932, entered judgment against the defendant for the amount claimed.

Then, on March 7, 1933, the appellant attempted to perfect an appeal from that judgment to this court. When so doing, the appellant properly served notice on the appellee, but there is a dispute as to whether such notice was filed in the office of the clerk of the municipal court, as required by statute. There is no record in the municipal court showing that the notice of appeal was filed there.

The appellee, on July 17, 1933, filed in this court its motion to dismiss the appellant's appeal on the theory that the notice of appeal was not filed with the clerk of the municipal court, as required by law. A resistance to that motion was filed by the appellant. In his resistance, the appellant sets forth the affidavit of his attorney, Ray P. Scott, wherein it is stated that such attorney did, on March 7, 1933, personally deposit with the clerk of the municipal court the aforesaid notice of appeal. Thereupon, it is said by the appellant's attorney that the clerk received the notice, and agreed to place it on file. Mr. Scott is corroborated by his client, the appellant, who stated in an affidavit that when the attorney left Marshalltown for Des Moines, he made known that the purpose of the trip was to serve the notice of appeal, and, when returning that evening, according to the client, his attorney reported that the notice of appeal had been served.

Walter R. Priebe, the clerk of the municipal court, in his affidavit sets forth the entries on the combination docket in his office. These entries failed to show the filing of the appellant's notice of appeal. Moreover, it is stated by the clerk that the notice of appeal is not in his office. Also the clerk of the municipal court testified, in a proceeding brought in that court by the appellant to correct the record so that it would show the filing of the notice, that no one at any time appeared in his office with the notice, and that no such notice was in fact deposited with him for record. That testimony is now on file with this court as a part of the evidence offered in support of the motion to dismiss. The clerk of the municipal court is corroborated by his deputy. No claim is made that the notice was mailed.

After the testimony was taken in the action to correct the record, the appellant dismissed the proceeding without prejudice. It is now argued by the appellant that this court should find: First, that he, through his attorney, deposited the notice of appeal with the clerk of the municipal court at the time before mentioned; and, second, that because the notice was thus deposited, we should find, as a matter of law, that such depositing thereof constituted a filing, as contemplated by statute.

In view of the conclusion to be reached on this record, it is unnecessary to decide the conflict of facts in reference to whether the notice was or was not deposited with the clerk of the municipal court, as claimed by the appellant. If the record is not as it ap-

pears upon its face, the appellant should correct it in the trial court. rather than.in this court. Formerly an appeal from the court below to this court was perfected by the service of the notice thereof on the adverse party and on the clerk. Under the former statute, the time of filing of the notice after service was immaterial. Now, however, it is necessary, in order to perfect an appeal, that the notice be served on the adverse party, and then the notice and service must be filed with the clerk of the trial court. See sections 12837, 12840, and 12841 of the 1931 Code. This change in the law was made by the Forty-fourth General Assembly (ch. 236), and now appears as section 12837 of the 1931 Code. See Anderson v. Dunnegan, 217 Iowa ......, 245 N. W. 326. Section 12837 of the 1931 Code provides:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

"A notice of appeal shall be served and return made thereon in the same manner as an original notice in a civil action." Section 12840, 1931 Code.

Following such service, the notice, on being filed with the clerk, shall become a part of the record in the case. Section 12842 of the 1931 Code.

As before indicated, a dispute arises between the parties as to what constitutes a filing of the notice with the clerk. Section 10833 of the 1931 Code provides:

"The clerk shall, immediately upon the filing thereof, make in the appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or *papers of any other description* in the cause; and no pleading of any description shall be considered as filed.in the cause, or taken from the·clerk's office, until the said memorandum is made." (Italics are ours.)

According to the statute, pleadings of all descriptions are not considered filed until a memorandum is made on the appearance docket. It appears that the mandatory entries to be made on the appearance docket, in order·to accomplish a filing, include plead-

ings only, and do not embrace the italicized phrase of the statute, to wit: "papers of any other description". By the limitation of the language in the statute, it would appear, then, that "papers of any other description" may be filed without entering them upon the appearance docket.

Pleadings are defined by the statutes as follows: "1. The petition of the plaintiff; 2. The motion, demurrer or answer of the defendant; 3. The motion, demurrer or reply of the plaintiff; 4. The motion or demurrer of the defendant." Farmers & Merchants Bank v. Wells & Potter, 189 Iowa 1312, local citation 1314, 179 N. W. 838, 839. The statutory catalogue of pleadings, therefore, does not include a notice of appeal. In Farmers & Merchants Bank v. Wells & Potter et al. (189 Iowa 1312, 179 N. W. 838), supra, it is held that an attachment bond was not included within the statutory list of pleadings. According to Farmers & Merchants Bank v. Wells & Potter et al., supra, reading on page 1314, it is said:

"It will be observed that, although a memorandum of papers in the case is to be made in the appearance docket, pleadings only are not to be considered filed until the memorandum is made. Impliedly, then, entry in the appearance docket of the memorandum of pleadings is mandatory. We have so held as to pleadings in Johnson v. Berdo, 131 Iowa 524, 106 N. W. 609, and other cases cited. The rule has been regarded otherwise, where affidavit of publication was marked 'Filed' but no memorandum entered in the appearance docket (Simmons v. Simmons, 91 Iowa 408, 59 N. W. 272); and the same rule obtains where no such entry of the filing of deposition was made (Byington v. Moore, 62 Iowa 470, 17 N. W. 644); and the same as to the filing of bill of exceptions (Royer v. Foster, 62 Iowa 321, 17 N. W. 516); the filing of official reporter's shorthand notes of evidence (Small v. Wakefield, 84 Iowa 533, 51 N. W. 35); and as to filing of minutes of testimony before grand jury (State v. Craig, 78 Iowa 637, 43 N. W. 462)." To the same effect see Harrison v. Clifton, 75 Iowa 736, 38 N. W. 406; In re East Minors, 143 Iowa 370, 122 N. W. 153; In re Bruning's Estate, 122 Iowa 8, 96 N. W. 780.

Nevertheless, the notice of appeal is a paper in the cause, as contemplated by section 10833 of the 1931 Code. Because the notice of appeal is such paper, the clerk of the court is directed by section 10833 to "make in the appearance docket a memorandum of the

date of the filing." But, under the theory announced in Farmers & Merchants Bank v. Wells & Potter (189 Iowa 1312, 179 N. W. 838), supra, the failure to so make the memorandum on the docket would not necessarily defeat the filing if, in fact, the paper is found in the clerk's office. No case, however, holds that a record on appeal shows a filing of the notice of appeal when no memorandum has been made in the office of the clerk of the trial court, as contemplated by section 10833, and when such paper is not in the office of the clerk of the court below.

So, in the case at bar, without the memorandum and without the presence of the notice of appeal in the office of the clerk of the municipal court, there is no record in this court indicating that the notice of appeal was in fact served and filed, as contemplated by statute. We said in Coggon State Bank v. Woods, 212 Iowa 1388, 238 N. W. 448:

"A notice of appeal filed with the clerk of the district court constitutes a portion of the record of said court."

See, also, section 12842 of the 1931 Code. Under the record here presented, there was no memorandum of the filing of the notice of appeal on the appearance docket in the court below. Likewise, the alleged notice of appeal was not in the office of that clerk. Without the memorandum and without the presence of the notice, the record, in fact, indicates that no notice was filed. Consequently, if this court is to make the memorandum or place the notice in the office of such clerk, our action would amount to a correction of the record. "Any correction of the record must be made in the" municipal court. Coggon State Bank v. Woods (212 Iowa 1388, 238 N. W. 448), supra; Jamison v. McCormick, 172 Iowa 666, 154 N. W. 898.

The appellant, as before indicated, exercised his privilege of attempting to correct the record in the court below. He, in fact, commenced an action so to do, but before the proceeding was concluded he dismissed it without prejudice.

In view of the fact, then, that the record in the municipal court fails to show that the notice of appeal was filed there, the motion of the appellee to dismiss is sustained and the appeal of the appellant must be, and hereby is, dismissed.

Motion sustained and appeal dismissed.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.